380 So.2d 419 (1980)
Mary Ann ROSE, Petitioner,
v.
Joseph P. D'ALESSANDRO, Etc., Respondent.
No. 55694.
Supreme Court of Florida.
January 17, 1980.
Rehearing Denied March 24, 1980.
James R. Long, Fort Myers, for petitioner.
Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and Radford R. Sturgis, Asst. State's Atty., Fort Myers, for respondent.
ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, in Rose v. D'Alessandro, 364 So.2d 763 (Fla.2d DCA 1978), which conflicts with our recent decision in Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979). The Second District, for public policy reasons, held that complaints or affidavits received by a state attorney in the discharge of his investigatory duties are exempt from disclosure under the Public Records Act. In Wait, however, we held that chapter 119, Florida Statutes (1975), exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.
The district court in the present case expressed great concern over the critical importance to the public of keeping statements, allegations, charges, complaints, or other products of a state attorney's investigation confidential. We recognize the validity of this concern, but, as we said in Wait, courts may not pass upon the wisdom of legislative determinations.
Since our decision in Wait, the legislature has recognized the necessity for exemptions *420 from the Public Records Act for investigative police reports and has adopted chapter 79-187, Laws of Florida (1979), which amended section 119.07 to add the following pertinent exemptions:
(2) ...
(c) Active criminal intelligence information and active criminal investigative information are exempt from the provisions of subsection (1).
(d) Any information revealing the identity of confidential informants or sources is exempt from the provisions of subsection (1).
(e) Any information revealing surveillance techniques or procedures or personnel is exempt from the provisions of subsection (1).
(f) Any information revealing undercover personnel of any criminal justice agency is exempt from the provisions of subsection (1).
(g) Any criminal intelligence information or criminal investigative information including the photograph, name, address or other fact or information which reveals the identity of the victim of any sexual battery as defined by Chapter 794 or child abuse as defined by Chapter 827 is exempt from the provisions of subsection (1).
(h) Any criminal intelligence information or criminal investigative information which reveals the personal assets of the victim of a crime, other than property stolen or destroyed during the commission of the crime, is exempt from the provisions of subsection (1).
(i) All criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979, is exempt from the provisions of subsection (1).

(j) After December 31, 1980, all criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979, which is not active shall be open to the person to whom the record pertains unless the information is exempted by paragraphs (d), (e), or (f) of this subsection or relates to any other person.

(k) Nothing herein shall be construed to exempt from subsection (1) records made part of a court file and not specifically closed by order of court except as provided in paragraphs (d), (e), and (f) of subsection (2).
(l) The provisions of this section are not intended to expand or limit the provisions of Rule 3.220, Florida Rules of Criminal Procedure, regarding the right and extent of discovery by the state and a defendant in a criminal prosecution.
.....
(n) The home address, telephone number and photograph of law enforcement personnel; the home address, telephone number, photograph and place of employment of the spouse and children of law enforcement personnel; and the names and locations of schools attended by the children of law enforcement personnel are exempt from the provisions of subsection (1).
(3) "Criminal intelligence information" and "criminal investigative information" shall not include the time, date, location, and nature of a reported crime, the name, sex, age, and address of a person arrested or the victim of a crime except as provided in subsection (2)(g), the time, date, and location of the incident and the arrest, the crime charged, all documents given or required by law or agency rule to be given to the person arrested, and information and indictments except as provided in s. 905.26.
(4) Any person who has custody of public records and who asserts that an exemption provided in subsection (2) or in general or special law applies to a particular record shall delete or excise from the record only that portion of the record for which an exemption is asserted and shall produce for inspection and examination the remainder of such record. In any action in which an exemption is asserted pursuant to paragraphs (d), (e), and (f) of subsection (2), the record or records shall be submitted in camera to the court for a de novo inspection. In the case of an *421 exemption asserted pursuant to paragraph (c) of subsection (2) an in camera inspection shall be discretionary with the court. If the court finds no basis for the assertion of the exemption it shall order the records to be disclosed. (Emphasis added).
The information that petitioner seeks is subject to the terms and conditions of this statute. Accordingly, the district court's opinion, which conflicts with our decision in Wait, is disapproved, but its action affirming the trial court's judgment is approved.
It is so ordered.
ENGLAND, C.J., and BOYD and SUNDBERG, JJ., concur.
ADKINS and OVERTON, JJ., concur in result only.