388 So.2d 276 (1980)
NEWS-PRESS PUBLISHING CO., INC., d/b/a Fort Myers News-Press, Petitioner,
v.
John GADD, As Chief Executive Officer of Lee Memorial Hospital, Respondent.
No. 80-1376.
District Court of Appeal of Florida, Second District.
September 5, 1980.
Rehearing Denied September 25, 1980.
*277 Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for petitioner.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for respondent.
Joy M. Packer of Rahdert & Packer, St. Petersburg, counsel for Times Publishing Company, amicus curiae.
DANAHY, Judge.
News-Press Publishing Company, Inc., petitions for writ of certiorari to review orders of the circuit court which (1) denied its motion to strike affirmative defenses and (2) denied a motion for protective order barring the deposition of its publisher. We grant certiorari.[1]
This case concerns the permissible scope of discovery and the type of defenses which may be raised in a mandamus action to compel inspection of documents under Chapter 119, Florida Statutes (1979), the Florida Public Records Act.
Petitioner, which publishes the daily newspaper, Fort Myers News-Press, sought the issuance of a writ of mandamus against respondent, a public hospital, compelling it to allow petitioner's reporters to inspect certain personnel files of the hospital's medical staff and records of the hospital Utilization Review Committee. The court issued an alternative writ of mandamus ordering the hospital to permit inspection of the documents or to show cause why inspection could be lawfully refused. The hospital's response to the alternative writ of mandamus raised four affirmative defenses, to wit: (1) that the documents sought were not public records; (2) that inspection of the documents by petitioner would result in financial harm to the hospital, in that hospital staff members had indicated they would cease to admit patients if the documents were held out for public inspection; (3) that the records were sought for malicious purposes, rather than for any useful public purpose; and (4) that the public would be harmed if confidential physician-patient matters were ultimately printed in petitioner's newspaper. The hospital also filed a notice of taking deposition of Paul Flynn, president and publisher of News-Press.
News-Press moved to strike all of the hospital's affirmative defenses except the first defense, which alleged that the documents were not public records. News-Press also moved for a protective order to bar the taking of Flynn's deposition or to limit the scope of the deposition to the question whether the documents involved were public records or were statutorily exempted from the public inspection requirement. Following a hearing, the court denied both motions.
*278 News-Press argues that the court erred in denying its motion to strike the hospital's affirmative defenses of financial harm, malicious motives in seeking inspection of the documents, and public harm. It contends that the only viable issues in this action are whether the documents sought are public records and, if so, whether there are any statutory exceptions to public inspection of such documents. We agree. The Public Records Act and cases interpreting the Act make it clear that all documents falling within the scope of the Act are subject to public disclosure unless specifically exempted by an act of our legislature. § 119.07(3)(a), Fla. Stat. (1979); Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980); Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979); State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla.4th DCA 1977), cert. denied, 360 So.2d 1247 (Fla. 1978); Gannett Co., Inc. v. Goldtrap, 302 So.2d 174 (Fla.2d DCA 1974). Absent a statutory exemption, a court is not free to consider public policy questions regarding the relative significance of the public's interest in disclosure and the damage to an individual or institution resulting from such disclosure. Because this type of public policy question was raised by the hospital's affirmative defenses of financial and public harm resulting from disclosure, we hold that these defenses are irrelevant and should have been stricken. The hospital's defense alleging malicious motives for seeking the documents is likewise irrelevant. The Public Records Act does not direct itself to the motivation of the person who seeks the records. Warden v. Bennett, 340 So.2d 977 (Fla.2d DCA 1976).
Further, we quash the notice of taking the deposition of the publisher of the News-Press. We do so because counsel for the hospital indicated that the reason for the deposition was to inquire into the newspaper's motives for seeking the documents. Because the newspaper's motives, as well as the hospital's financial harm and public harm defenses, are irrelevant in an action to compel compliance with the Public Records Act, any inquiry concerning any of these defenses is outside the scope of permissible discovery. Fla.R.Civ.P. 1.280.
We do not determine whether the documents in question are within the purview of the Public Records Act. This is the ultimate issue remaining for determination by the trial court. Although we strike the hospital's other affirmative defenses, the hospital is not precluded from asserting any general or special law which provides for the confidentiality of any of the records sought or which expressly exempts them from public disclosure. Accordingly, we grant the petition for certiorari, quash the orders of the lower court, and remand for proceedings consistent with this opinion.
GRIMES, Acting C.J., and CAMPBELL, J., concur.
NOTES
[1] Ordinarily we would decline to issue a writ of common law certiorari in a case in this posture, because any error could be remedied on appeal from a final order. However, early discretionary intervention is appropriate in this case, based on the policy of the legislature and courts of this state to expedite proceedings involving denial of media access to public records and judicial proceedings. § 119.11, Fla. Stat. (1979); State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1976).