## SUNBEAM v. TOWN OF BAY HARBOR ISLANDS
Case No. 81-175-EX
Eleventh Judicial Circuit, Dade County
June 18, 1981

Alan Rosenthal, for plaintiff.

Lewis Horwitz, for defendant.

N. JOSEPH DURANT, JR., Circuit Judge.

This cause having come on to be heard on the Petition of Sunbeam Television Corporation for a Writ of Mandamus, the Order to Show Cause entered by this Court on June 11, 1981, and the Response filed by the Town of Bay Harbor Islands, Florida, and the Court having heard argument of counsel and being otherwise fully advised in the premises, the Court enters the following order:

### *JURISDICTION*

This Court has jurisdiction of this cause pursuant to Article V, Section 4(b)(3), Florida Constitution and Rule 9.100(a), Florida Rules of Appellate Procedure.

### *BACKGROUND*

Sunbeam Television Corporation (hereinafter "Sunbeam") owns and operates a television broadcasting station on WCKT-Channel 7, in Miami, Dade County, Florida. The Town of Bay Harbor Islands, Florida (hereinafter "Bay Harbor Islands") is a municipal corporation located in Dade County, Florida.

On June 4, 1981, Carmel Cafiero, a reporter for Sunbeam, requested the Town Clerk of Bay Harbor Islands to provide for inspection, the personnel files of the following present and former employees of the Town of Bay Harbor Islands: Ernie Lee, Sergeant Johnson, Sergeant Mahoney, Lieutenant Tanguay, and former Police Chief, Eugene Griffiths.

On June 9, 1981, Ms. Cafiero again contacted the Town Clerk and was advised that the Town of Bay Harbor Islands had passed Resolution No. 549 which established charges for clerical or supervisory assistance in connection with the inspection of all public records and that the

access sought by Sunbeam was therefore conditioned on the payment of such charges.

Resolution 549 provides:

> WHEREAS, the Town Clerk has had increasing requirements for the inspection of public records of the town, including the production of tapes of Council meetings; and

> WHEREAS, the nature or volume of records is such as to require extensive clerical or supervisory assistance by the Town Clerk,

> IT IS HEREBY RESOLVED that the town require in addition to the actual cost of duplication of any public records, the following charge, which is reasonable: for each hour of such clerical or supervisory assistance, the sum of $15.00, prorated in accordance with the time spent,

> AND IT IS FURTHER RESOLVED that at the discretion of the Town Clerk, a deposit may be required before assistance is provided, which deposit shall be based on the Town Clerk's estimate of the time which will be spent on the assistance. When the assistance is completed, an adjustment will be made to reflect the actual time spent.

Sunbeam declined to pay said charges and Bay Harbor Islands refused to permit access to the requested files in the absence of payment.

Sunbeam filed a Petition for Writ of Mandamus seeking an order compelling Bay Harbor Islands to permit access to the files sought, unconditioned by the payment of fees imposed by Resolution 549 and a declaration that Resolution 549 is invalid and of no force and effect.

## APPLICABLE LAW

The records to which access is sought are public records within the meaning of Sections 119.01 and 119.011, Florida Statutes, and are not exempted from disclosure by Section 119.07(3), Florida Statutes, or any other applicable law.[1] Access is therefore mandated. Section 119.07(1)(a), Florida Statutes; *Rose v. D'Alessandro*, 380 So.2d 419 (Fla. 1980); *Wait v. Florida Power & Light Company*, 372 So.2d 420 (Fla. 1979). Section 119.07(1)(b), Florida Statutes, provides:

---

[1]Portions of the files sought may be exempted from disclosure by Sections 119.07(3)(k), Florida Statutes, however, these portions, if in existence, may be withheld from disclosure pursuant to the procedures established in Section 119.07(2)(a), Florida Statutes.

"In the case of records produced under this act, when the nature of volume of records is such as to require extensive clerical or supervisory assistance by personnel of the agency involved, the agency may charge, in addition to the actual cost of duplication, a reasonable charge approved by the Department of Administration, for the provision of such clerical or supervisory personnel."

Resolution 549 of Bay Harbor Islands violates section 119.07(1)(b), Florida statutes, because:

1. It imposes an across-the-board fee for inspection of public records, including a request to inspect one page of one document and is not limited to requests for a large volume of records;

2. The established charge has not been approved by the Department of Administration, and by its terms is not conditioned upon said approval.

The leading case on this subject is *State ex rel. Davis v. McMillan*, 38 So. 666 (Fla. 1905). In that case, the Florida Supreme Court held that fees for the mere inspection of public records were prohibited:

"[T]he supervision, observation, and watchfulness over the records is one of the prime duties that [a custodian] assumes when he takes the office, and the law fixes no fee or compensation therefor." 38 So., at 667.

The relevant decisions underscore the proposition that a public employee, whose duties include those of a records custodian, has a duty, imposed by law, to make public records available for inspection. Reasonable conditions and reasonable times may be imposed on the inspection of public records, *Wait, supra* and *State ex rel. Davis, supra,* however, an across-the-board fee for mere inspection is unreasonable.

## CONCLUSION

Accordingly, Resolution 549 of the Town of Bay Harbor Islands violates Chapter 119, Florida Statutes, and is hereby declared to be invalid and of no force and effect.

Further, it is Ordered and Adjudged that:

1. Respondent, Bay Harbor Islands, shall, within 48 hours of the date of this Final Judgment, provide for inspection, the public records sought by Petitioner, Sunbeam, unconditioned upon the payment of any fee. To the extent necessary to excise exempted information from these files, copies of such records may be produced for inspection.

2. Petitioner's motion for attorney's fees is denied.

3. The Court retains jurisdiction over the parties to insure compliance with this Final Judgment.