410 So.2d 936 (1982)
Leroy DOUGLAS, Appellant,
v.
Dyer MICHEL, As Administrator and Custodian of the Records of the Marion County Hospital District, D/B/a Munroe Regional Medical Center, Appellee.
No. 80-612.
District Court of Appeal of Florida, Fifth District.
January 13, 1982.
Rehearing Denied March 10, 1982.
*937 John B. Fuller and Bryce W. Ackerman, of Savage, Krim, Simons & Fuller, P.A., Ocala, for appellant.
William G. O'Neill and James A. Cornelius, of O'Neill & Cornelius, Ocala, for appellee.
W.E. Bishop, Jr., of Bishop & Behnke, Ocala, amicus curiae, for Emp. of Marion County Hospital Dist.
SHARP, Judge.
Leroy Douglas (a resident of Marion County) appeals from a final order denying his petition for a writ of mandamus. He sought to obtain access to the employment records of the Marion County Hospital District, d/b/a Munroe Regional Medical Center, pursuant to Chapter 119, Florida's Public Records Act. Douglas also seeks an award of attorney fees pursuant to sections 119.12(1)[1] and 59.46,[2] Florida Statutes *938 (1979). The hospital employees whose records are involved in this case were allowed to intervene and file amicus curiae briefs. We reverse the lower court and remand for further proceedings not inconsistent with this opinion.
The lower court held a hearing pursuant to section 119.11(1), Florida Statutes (1979). It was stipulated that the person against whom the suit was filed is the custodian of the hospital records; that he is the person who has a duty (if one exists) under Chapter 119 to make the records available; and that the employee records sought are part of the permanent records of the hospital. Douglas originally requested inspection of certain employment applications in employee personnel records. His mandamus petition, however, seeks access to all materials contained in the employee personnel records. There is apparently no dispute that the hospital is an "agency" subject to Chapter 119.[3]
The arguments expounded by the hospital and the employees to exempt or exclude these records from Chapter 119 are well-reasoned. However, our research discloses they have been recently rejected by the Florida Supreme Court and other appellate courts in this state.

I. ARE EMPLOYEE RECORDS, KEPT AS PART OF THE HOSPITAL'S PERMANENT FILES AND RECORDS, GENERALLY "PUBLIC RECORDS" WITHIN THE SCOPE OF CHAPTER 119?
Section 119.011(1) defines as "public records":
[A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The hospital admitted that the personnel files sought in this case were part of its permanent records, and were kept as part of its operations, pursuant to the requirements of law and the direction of its management. There was no showing on the part of the hospital or employees that any of the records contained drafts or notes which may constitute "mere precursors of the government `records,' not in themselves, intended as final evidence of the knowledge to be recorded." Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980). Clearly the records sought here were shown to be "public records" within the scope of Chapter 119. Shevin; News-Press Publishing Co., Inc. v. Gadd, 388 So.2d 276 (Fla. 2d DCA 1980); City of Gainesville v. State, 298 So.2d 478 (Fla. 1st DCA 1974); Office of the Attorney General, Florida Open Government Laws Manual 32 (1978).

II. ARE THE HOSPITAL'S EMPLOYEE RECORDS EXEMPTED FROM CHAPTER 119 BY SECTION 119.07(3)(a) OR BY SECTION 119.07(3)(f)?
The Public Records Act provides an exemption for public records "which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law."[4] When this hospital was created in 1965 by Chapter 65-1405, Laws of Florida, section 34 empowered the trustees to set up rules and regulations for operation of the hospital. One policy adopted was a rule of strict confidentiality for its employee personnel files. However, clearly a policy adopted by a governmental agency cannot exempt it from the application of a general law. Section 5 of the special act provided for public disclosure of the hospital *939 books of account, business records and minutes. The hospital argues that by making some records open to public disclosure, the Legislature intended to exclude the balance. Expressio unius est exclusio alterius.
This Latin maxim may or may not be true depending upon the particular legislative context in which the statute was passed.[5] Douglas points out that the disclosure provisions were written into the special act because in 1965 the Sunshine Law requiring public bodies to hold open meetings had not yet been passed. Section 5 was primarily concerned with the trustee's records and operations. Chapter 119 had long been a Florida law by 1965, and the courts had recognized a strong public policy favoring disclosure of public records. State ex rel. Cummer v. Pace, 118 Fla. 496, 159 So. 679 (1935). In this context, the negative inference of the Latin maxim collapses.
We also do not agree that section 119.07(3)(f) affords any basis to exclude these records. It provides an exemption from Chapter 119 for "any information revealing surveillance techniques or procedures or personnel." All of the special exemptions (d) through (k) of section 119.07(3) are concerned with protecting from public disclosure specific files, records, and information relating to the criminal justice system. The statute was amended with such specificity when it became clear that the courts were going to give Chapter 119 its literal meaning, by refraining from carving out any judicial exceptions, no matter how harmful and damaging the disclosure might be. See Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980); Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979); Gannett Co. v. Goldtrap, 302 So.2d 174 (Fla. 2d DCA 1974). The context of section 119.07(3)(f) and its grammatical structure strongly indicate the Legislature intended no general exemption for all types of personnel records.

III. SHOULD THE ACCESS TO THE PERSONNEL RECORDS BE BARRED BECAUSE IT CONSTITUTES AN INVASION OF THE EMPLOYEE'S FEDERALLY OR STATE PROTECTED RIGHT OF PRIVACY?
At the hearing it was established that the personnel records contain items which may well embarrass and harm the employees, if disclosed and published. For example, the hospital administrator testified there was information concerning prior felony convictions, drug and alcohol problems, unlisted phone numbers, physical and mental examinations, and communications from third persons who believed the information they furnished was confidential.
As an intermediate appellate court, we must follow the Florida Supreme Court's rulings, even though as an original matter, we might have reached a different result. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). In Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), Florida recognized and adopted for this state a form of the common law "right of privacy" relating to publication of a person's "personality" without her consent. However in Shevin a majority of the Florida Supreme Court held that there was no state right of privacy regarding disclosure of private matters in the context of the Public Records Act, and that the federal right of privacy was as yet too amorphous and indefinite to allow this state's courts to apply that doctrine as a basis for a decision.
After Shevin, the people of Florida adopted the right of privacy as an amendment to the Florida Constitution.[6] However, by its own terms it is expressly made subservient to the public records law:
Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and *940 meetings as provided by law. (Emphasis supplied).
Art. I, § 23, Fla. Const. Thus, Shevin still controls both the federal and state right of privacy issues.[7]

IV. SHOULD THIS COURT CARVE OUT AN EXCEPTION FROM CHAPTER 119 FOR CONFIDENTIAL EMPLOYEE RECORDS FOR PUBLIC POLICY REASONS?
For the reasons stated by the Second District Court of Appeal in Wisher News-Press Publishing Co., 310 So.2d 345 (Fla. 2d DCA 1975), quashed, 345 So.2d 646 (Fla. 1977), perhaps such an exception to Chapter 119 should be created. However, we cannot judicially create any exception, or exclusions to Chapter 119 for public records.[8] If the people of this State no longer believe that unrestricted public access to public employee records is wise, they must address this problem to the Legislature, not the courts.
The appellant's motion for attorney fees requires a finding by the trial court that the hospital unreasonably refused to permit the inspection of its records. Cape Coral Medical Center, Inc. v. News-Press Publishing Co., 390 So.2d 1216 (Fla. 2d DCA 1980). The record shows only that the hospital administration acted upon advice of counsel and at the direction of the hospital trustees. Upon remand, if the lower court determines the hospital acted unreasonably in denying access to the records, it should award reasonable attorney fees for bringing the suit and for this appeal.
REVERSED AND REMANDED.
ORFINGER, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Very reluctantly, I concur. In this case citizens who are or were once employees of this hospital or who at some time made application for employment and others furnished information to the hospital relying on express promises that such employee personnel data would be kept strictly confidential. Now we apply a statute to force the hospital to break faith with and embarrass and harm employees and others who trusted it. Requiring public officials to provide the public with ready access to public records is one thing, but embarrassing the hospital janitor by disclosing for publication the confidentially obtained private details of his personal life is too much. It may be a great day for the public disclosure statute, but it is a sad day for fairness and decency under law. The legislature created this injustice and should remedy it promptly.

ON MOTION FOR REHEARING AND CLARIFICATION
SHARP, Judge.
Upon Motion for Rehearing and Clarification the Court hereby denies same but grants the appellant's request to certify questions involved in this case to the Supreme Court of Florida, as being of great public importance:[1]
I. ARE EMPLOYEE RECORDS, KEPT AS PART OF A TAX-SUPPORTED HOSPITAL'S PERMANENT FILES AND RECORDS, GENERALLY "PUBLIC RECORDS" WITHIN THE SCOPE OF CHAPTER 119?
II. ARE THE HOSPITAL'S EMPLOYEE RECORDS EXEMPTED FROM CHAPTER 119 BY SECTION 119.07(3)(a) OR BY SECTION 119.07(3)(f)?

*941 III. SHOULD THE ACCESS TO THE PERSONNEL RECORDS UNDER CHAPTER 119 BE BARRED BECAUSE IT CONSTITUTES AN INVASION OF THE EMPLOYEES' FEDERALLY OR STATE PROTECTED RIGHT OF PRIVACY WHERE THE RECORDS MAY CONTAIN HARMFUL OR DAMAGING INFORMATION?
ORFINGER and COWART, JJ., concur.
NOTES
[1] Section 119.12(1), Florida Statutes (1979), provides:

Whenever an action has been filed against an agency to enforce the provisions of this chapter and the court determines that such agency unreasonably refused to permit public records to be inspected, the court shall assess a reasonable attorney's fee against such agency.
[2] Section 59.46, Florida Statutes (1979), provides in pertinent part:

(1) In the absence of an expressed contrary intent, any provision of a statute ... providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.
[3] § 119.011(2), Fla. Stat. (1979). The hospital was created by a special act, Chapter 65-1405, Laws of Florida, which established a "hospital district." It is in part tax-supported.
[4] § 119.07(3)(a), Fla. Stat. (1979).
[5] R. Dickerson, The Interpretation and Application of Statutes 234 (1975).
[6] Art. I, § 23, Fla. Const.
[7] The non-existence of a federally or state protected right of privacy in this context also makes untenable appellee's other constitutionally grounded arguments against the validity of Chapter 119.
[8] Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980); Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979) [specifically approving J. Schwartz in State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1977), cert. denied, 360 So.2d 1247 (Fla. 1978)].
[1] See Fla.R.App.P. 9.030(a)(2)(A)(v).