SCHEB, Judge.
Petitioners challenge Administrative Order No. 83-104, entered by The Honorable David F. Patterson, Chief Judge of the Sixth Judicial Circuit. We vacate the order because we conclude that it does not properly provide for administration of Chapter 83-286, Laws of Florida, which it purports to implement.
The 1983 legislature enacted Chapter 83-286 as an amendment to section 119.07, Florida Statutes, which provides for inspection and examination of public records, subject to certain exemptions. The new amendment added the following exemptions:
Any information revealing the substance of a confession of a person arrested or of witness lists exchanged pursuant to the provisions of Rule 3.220, Florida Rules of Criminal Procedure, is exempt from the provisions of subsection (1), until such time as the charge is finally determined by adjudication, dismissal, or other disposition.
§ 119.07(3)(m), Fla.Stat. (1983).
To implement Chapter 83-286, the respondent, Chief Judge Patterson, entered the following administrative order:
*890 ADMINISTRATIVE ORDER NO. 83-104
RE: EXEMPTION OF STATEMENTS AND WITNESS LISTS FROM PUBLIC RECORDS LAW
This matter coming before the Court for establishment of procedures for exemption of confessions and witness lists in criminal cases from the public records of law, pursuant to the provisions of Section 119.07, Florida Statutes, as amended by Chapter 83-286, Laws of Florida, effective October 1, 1983, it is therefore
ORDERED:
1. Upon receipt of witness lists exchanged pursuant to the Rules of Criminal Procedure for filing, the Clerk shall seal such lists in an appropriately designated envelope and make such envelope a part of the court file.
2. The State Attorney or Defendant may, by Motion made to the Clerk without necessity of court order, designate affidavits, depositions or other papers presented to the Clerk for filing which contain statements or the substance of statements, and thereupon the Clerk shall seal such materials in the manner prescribed in paragraph # 1. Such motion shall set forth the factual basis upon which such materials are exempt from public inspection.
3. Upon final determination of the cause, including the disposition of appeal, or in the absence of appeal the expiration of the applicable appeal period, the Clerk shall, upon request, unseal all such materials and file the same within the court file.
4. All materials sealed pursuant to this Order may be inspected by interested persons upon Court Order of the Judge presiding in the Criminal Division to which such case is assigned after appropriate motion, notice and hearing and in accordance with the law applicable to materials exempt from public inspection.
5. The Case Related Persons function of the Pinellas County Criminal Justice Information System shall not reflect the identities of witnesses in criminal cases on those computer terminals giving public access.
DONE AND ORDERED in St. Peters-burg, Pinellas County, Florida, this 19th day of December, 1983.
Petitioner Times Publishing Company publishes the St. Petersburg Times and Evening Independent; petitioner Miami Herald Publishing Company publishes the Miami Herald. They bring this petition under Florida Rule of Appellate Procedure 9.100(d), which provides for review of “an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential.” The rule is intended to afford expedited relief to the press or public when First Amendment rights have been infringed. Based on petitioners’ allegations, we have jurisdiction for review. Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867 (Fla. 1st DCA 1979).
Petitioners argue that the legislature’s enactment creating the new exemption violates the separation of powers mandated by article II, section 3, of the Florida Constitution. Additionally, they contend that statutory exemptions in the Public Records Act are part of the rule-making powers which the constitution reserves for the judiciary under article V, section 2. Finally, they argue that Chapter 83-286 unconstitutionally impairs the First Amendment guarantee of freedom of the press under the United States Constitution. However, because of the nature of these proceedings, petitioners have not made any constitutional arguments in an adversarial proceeding in the circuit court. In fact, respondent specifically declined to address these issues by stating: “In my administrative capacity I do not have the authority to rule upon the constitutionality of a duly enacted law.” Thus, in this posture we decline to address the constitutionality of Chapter 83-286. However, in passing we note that the Florida courts have clearly held that the creation of exemptions in the Public Records Act is within the province of the legislature. Wait v. Florida Power *891 & Light Co., 372 So.2d 420 (Fla.1979); News-Press Publishing Co. v. Gadd, 388 So.2d 276 (Fla. 2d DCA 1980), appealed after remand, 412 So.2d 894 (Fla. 2d DCA), petition for review denied, 419 So.2d 1197 (Fla.1982).
Petitioners next focus on the administrative order. They argue that the order trangresses article V, section 2, of the Florida Constitution, which provides: “The supreme court shall adopt rules for the practice and procedure in all courts.” Since the order addresses the maintenance of judicial records, petitioners argue, respondent was without authority to enter it. We recognize the pre-emptive power of the supreme court in the promulgation of rules of procedure. In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla.1973), modified, 297 So.2d 301 (Fla.1974). Nevertheless, as Chief Judge of the Sixth Circuit, respondent is authorized by the Florida Rules of Judicial Administration to enter administrative orders in the exercise of his administrative supervision over the courts within his circuit. Fla.R.Jud.Adm. 2.050(b). An administrative order is “a directive necessary to administer properly the court’s affairs but not inconsistent with the Constitution or with court rules and administrative orders entered by the Supreme Court.” Rule 2.020(c). Thus, while we perceive some deficiencies in the order’s implementation of the statute, we do not find that its content or intent encroaches on the supreme court’s rule-making authority.
Turning to the administrative order, we first observe that Chapter 83-286 also amended section 119.07(2)(b) to provide that
[i]n any action in which an exemption is asserted pursuant to ... paragraph (m) of subsection (3), the record or records shall be submitted in camera to the court for a de novo inspection .... If the court finds no basis for the assertion of the exemption, it shall order the records to be disclosed.
This order, which is designed to implement the new exemptions, must be read in light of the procedure outlined in section 119.-07(2)(b). This section seeks to preserve the constitutional standards of not abridging First Amendment freedoms unless closure of judicial records is necessary to prevent a serious and imminent threat to the administration of justice. See Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla.1982); Sentinel Star Co. v. Booth, 372 So.2d 100 (Fla. 2d DCA 1979). Thus, under the statutory scheme of exemptions, the trial judge has the opportunity to enter an order compelling closure of certain materials where necessary, and stating the reason therefor so that the legality of the closure may be reviewed. See News-Press Publishing Co. v. State, 345 So.2d 865 (Fla. 2d DCA 1977).
In ruling on a claimed exemption, the trial judge must take into account a balancing of vital constitutional rights. On the one hand there is the First Amendment right of access to judicial proceedings. Balancing this is the inherent power of the courts to preserve a defendant’s right to a fair trial under the Sixth Amendment. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). Yet, as Judge Grimes pointed out in News-Press Publishing Co.: “There must be compelling reasons before some or all of the records of a court proceeding may be sealed.” 345 So.2d at 867.
Measured by the statutory scheme set out in sections 119.07(2)(b) and (3)(m) and the standards previously announced by the courts, we find the administrative order invalid for several reasons. First, it is overbroad. The statutory exemption contemplates the sealing of witness lists or information revealing the substance of a confession. However, the order goes further to permit the state attorney or defendant, by motion to the clerk and without the necessity of court order, to “designate affidavits, depositions or other papers ... which contain statements or the substance of statements.” This nonselec-tive approach could improperly lead to the sealing of entire documents and depositions. Such a result would be contrary to the stated purpose of the Public Records *892 Act that “only that portion of the record for which an exemption is asserted” shall be withheld from disclosure. § 119.-07(2)(a). A further example of its over-breadth is the provision for the sealing of “statements” without limiting the statements involved to those which reveal the substance of a “confession” or information relating to witness lists exchanged pursuant to Florida Rule of Criminal Procedure 3.220. Most importantly, the order effectively eliminates any procedure for an in camera inspection as mandated by section 119.07(2)(b).
Accordingly, we vacate the administrative order without prejudice to respondent reformulating an order consistent with the statute and this opinion.[1]
OTT, C.J., and SCHOONOVER, J., concur.

. Of course, any new administrative order must always be read in light of the principle that such an exemption is inapplicable to information made public during the course of the judicial proceedings which are open to the public. Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); Doe v. Sarasota-Bradenton Florida Television Co., 436 So.2d 328 (Fla. 2d DCA 1983).