# NORTH BROWARD HOSPITAL DISTRICT v AMERICAN BROADCASTING CORPORATION, et al.

## Case No. 86-026514 CH

Seventeenth Judicial Circuit, Broward County

October 20, 1986

### APPEARANCES OF COUNSEL

**Robert J. Cousins, Bernard & Mauro,** for plaintiff North Broward Hospital District.

**J. B. Spence** for Maudeline Ford.

**Thomas R. Julin, Steel Hector & Davis,** for defendants American Broadcasting Corp., Inc., and Davis Lewis.

### OPINION OF THE COURT

ROBERT LANCE ANDREWS, Circuit Judge.

## ORDER DISSOLVING TEMPORARY INJUNCTION

This cause came before the Court on October 14, 1986, pursuant to the order of October 13, 1986, granting a temporary injunction, and pursuant to the motion of the American Broadcasting Companies, Inc. (incorrectly identified in the style as American Broadcasting Corporation) and David Lewis to dissolve the temporary injunction. The temporary injunction, issued without notice to the respondents, prohibited the filming of Maudeline Ford, a comatose patient in the care of the petitioner, a public hospital, until all parties could appear before the Court.

The Court has now considered the argument of counsel for the parties, counsel for Maudeline Ford, and has provided all parties an opportunity to present evidence in support of their respective positions.

At the outset, it is important to point out that the attorneys for Maudeline Ford and her guardians have consented to the filming proposed by the respondents and the petitioner does not contend that the filming would in any way affect the health of Maudeline Ford. Accordingly, the only issue in this case is whether the petitioner has a right to prohibit news media access to one of its patients, who wants to communicate with the media, in the absence of medical reasons for such a restriction.

In *Downer v. State*, 375 So.2d 840, 844 (Fla. 1979), the Florida Supreme Court held that public health facilities have "extended an implicit invitation to members of the public to enter its doors." The Court recognized that the hospital could impose reasonable time, place, and manner restrictions, but also held that any such restrictions must be for lawful, nondiscriminatory purposes. *See also Adderly v. Florida*, 385 U. S. 39, 87 S. Ct. 242, 17 L. Ed.2d 149 (1966).

Subsequent to *Downer*, the Florida Supreme Court and numerous other courts also have held that the media's right to gather news is protected by the First Amendment of the United States Constitution. This right cannot be abridged by a state agency, such as the petitioner in this case, in the absence of compelling interests which justify the restriction and a court order narrowly tailored to serve those interests. *In re Adoption of Proposed Local Rule 17*, 339 So. 2d 181 (Fla. 1976) (access to courthouse halls); *see also Legi-Tech, Inc. v. Keiper*, 766 F. 2d 728 (2d Cir. 1985) (access to state-owned data base); *Daily Herald Co. v. Munro*, 758 F. 2d 350 (9th Cir. 1984) (access to voters leaving polling places); *United States v. Sherman*, 581 F.2d 1358 (9th Cir. 1978); *In re Express News Corp.*, 695 F.2d 807 (5th Cir. 1982) (same); *News-Press Publishing Co. v. Hayes*, — So. 2d —, 11 Fla. L.W. 1162

**19**

(Fla. 2d DCA 1986) (access to parties, counsel, witnesses and prospective witnesses in criminal case); *Bludworth v. Palm Beach Newspapers, Inc.,* 476 So.2d 775 (Fla. 4th DCA 1985) (access to records); *State ex rel. Times Publishing Co. v. Patterson,* 451 So.2d 888 (Fla. 2d DCA 1984) (access to state records). As the United States Supreme Court has observed "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg v. Hayes,* 408 U.S. 665, 681 (1972).

Applying these principles to the facts of the dispute before the Court, it is apparent that the temporary injunction should be dissolved. Counsel for the North Broward Hospital District has not contested the respondents' representation that their filming will not endanger any patients at Broward General Medical Center. Maudeline Ford is staying in a private room. The equipment necessary to do the filming is smaller than the equipment approved by the Florida Supreme Court for the videotaping of judicial proceedings and existing light can be used for the filming. The entire time needed for the filming will be one and one-half hours or less. And, the filming can be done during the normal visiting hours allowed all patients.

North Broward's counsel has alleged an interest in preventing the filming because the film might be offered as evidence in a medical malpractice action now being prosecuted by Maudeline Ford and her guardians against North Broward. Counsel suggested that the filming might be an attempt by counsel for Maudeline Ford to stray outside the permitted methods of discovery to obtain a film of the patient for use in trial.

This argument reveals that North Broward's restriction on access to this patient is not a time, place, or manner restrictions, but rather an attempt to stop information from being communicated. Such restrictions, as noted above, can be justified only by compelling interests. Yet, the petitioner's articulated interest in the restriction is by no means compelling. The trial judge in the malpractice action is fully capable of ensuring that only competent and material evidence is admitted at trial.

There being no compelling interest to override the Fourth Estate's First Amendment right to gather news, it is ordered and adjudged that the respondents' motion is granted and the temporary injunction is dissolved.

Done and ordered in chambers at Fort Lauderdale, Broward County, Florida this 20th day of October, 1986.