687 So.2d 1351 (1997)
Milton J. WALLACE, Patricia B. Wallace, Dade County Housing Finance Authority and Alston & Bird, Appellants,
v.
Leopoldo E. GUZMAN, Appellee.
Nos. 96-2571, 96-2754.
District Court of Appeal of Florida, Third District.
February 5, 1997.
As Clarified February 26, 1997.
*1352 Stack Fernandez & Anderson and Robert Harris and Brian J. Stack, Miami; Russomanno Fiore & Borrello, Miami; Stearns Weaver Miller Weissler Alhadeff & Sitterson and Bradford Swing, Miami, for appellants.
Richard E. Brodsky, Miami, for appellee.
Jerold I. Budney, Ft. Lauderdale, for The Miami Herald Publishing Company as amicus curiae.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
FLETCHER, Judge.
Leopoldo E. Guzman filed a petition for writ of mandamus, seeking to compel appellants, Dade County Housing Finance Authority [Authority], Milton J. Wallace (a member of the Authority), and Alston and Bird (special counsel to Raymond James & Associates, special financial advisor to the Authority), to produce for public inspection and copying certain documents relating to an application by the Authority for approval to organize a state-chartered savings bank. The trial court determined that the documents are public records under section 119.011(1), Florida Statutes (1995), are not exempt from disclosure, and must be produced to Guzman (and, we add, to the public generally). We affirm.[1]
The Authority is a housing finance authority established pursuant to chapter 159, Florida Statutes (1995), with its sole purpose being the providing of affordable housing loans to qualified Dade County residents. Pursuant to that purpose, the Authority filed an application with the Florida Department of Banking and Finance, seeking that Department's approval which would permit the Authority to establish a savings bank, all of the outstanding stock of which would be owned by the Authority. It became necessary for the Authority, in order to carry out its goal, to submit with its application its members' personal income tax returns and personal financial statements, a settlement agreement between Wallace and the Resolution Trust Corporation, and other documents of the Authority's members for review by the federal Office of Thrift Supervision [OTS]. These are the documents in dispute.
As they are a part of the Authority's application which was made in order to carry forward business of the Authority, the documents in dispute are public records pursuant to section 119.011(1), Florida Statutes (1995).[2],[3] In an attempt to prevent the public *1353 from viewing the disputed documents, Wallace provided them to the law firm of Alston and Bird, which firm was retained by Raymond James and Associates, the Authority's special financial consultant, to serve as special regulatory counsel relating to the creation of the savings bank as applied for by the Authority. Wallace apparently assumed that, by providing the documents to Alston and Bird, rather than to the Authority's director or clerk, the documents would be inaccessible to the public. His assumption clearly was wrong. Section 119.011(2), Florida Statutes (1995),[4] defines "agency" for public purposes to include private persons and private entities acting on behalf of any public agency. Thus, the Florida Supreme Court has held that documents provided to a consultant in relation to his acting on behalf of a public agency are public documents. Shevin v. Byron, Harless, Schaffer, Reid & Assocs., 379 So.2d 633 (Fla.1980). Indeed, public records cannot be hidden from public scrutiny by transferring physical custody of them to the Agency's attorneys. Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), rev. denied, 426 So.2d 27 (Fla.1983).
The appellants now contend that the public documents are exempt from disclosure for two reasons. First, they contend section 655.057(1), Florida Statutes (1995),[5] which, under certain circumstances, limits public access to various records of the Department of Banking and Finance, exempts the documents. This contention is stopped in its tracks, however, by the section's specific exception (from nondisclosure) of records and information which are otherwise public records. Thus section 655.057(1), Florida Statutes (1995) quite clearly protects the public's right to access to documents submitted to the department which are public records of other agencies.
The appellants' second contention is that the documents are exempt from disclosure pursuant to the Freedom of Information Act, 5 U.S.C. § 552(b)(4), because they were provided to the OTS. Whatever the federal act may provide as to documents in the possession of federal agencies, the Act is not applicable to state agencies. Kerr v. United States Dist. Ct. For N. Dist., 511 F.2d 192 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Notwithstanding this rather obvious conclusion, the appellants attempt to shoe-horn the federal act into Florida law predicated on the language of section 119.07(2)(a) relating to a record custodian's assertions of an exemption "[provided] in a general or special law...." They posit that the federal Freedom of Information Act is a "general law," and thus provides the custodian with the ability to refuse to disclose these public records to the public. However, the general or special laws to which section 119.07(2)(a) refers are not acts of Congress or decrees of the King of Barataria, but laws of Florida, enacted by the Florida Legislature. Without further belaboring *1354 the obvious, we conclude that the documents are public records and not subject to any exemptions.
As noted earlier herein, Patricia B. Wallace, wife of Milton J. Wallace, has also appealed. She contends that she is not a member of the Authority; that she did not submit her tax returns and personal financial statements to any public agency; that the disputed documents submitted by her husband contain this information (in joint tax returns, etc.); and that disclosure of her personal information would violate her federal right of privacy. She urges on us that we balance her federal privacy right against the public's right to know. We conclude, however, that the people of our state and our legislature have already balanced such interests. The people have spoken through article 1, section 23, Florida Constitution, which provides:
"Right of Privacy. Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law."
The legislature has balanced the private/public rights by creating the various exemptions from public disclosure contained in section 119.07, Florida Statutes (1995). Certainly the legislature is aware of joint returns, financial disclosures, and the like, but it made no exemption for public records containing such information. The people and the legislature have balanced the competing interests. It is not within the scope of our authority to create new exemptionswhich is what we would be doing if we, in a balancing process, came down on the side of nondisclosure of nonexempt public documents. Forsberg v. Housing Auth. of Miami Beach, 455 So.2d 373 (Fla.1984).
Affirmed.
NOTES
[1] We also affirm as to the appeal of Patricia B. Wallace, wife of Milton J. Wallace, as discussed infra.
[2] Which reads:

"`Public records' means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
[3] The Dade County Attorney assigned to the Authority correctly advised it that the documents were public record and not subject to any exemption. At least three separate law firms were then retained by the Authorityone for each appellantpresumably at public expense. We also note that the attorneys for the prevailing partyGuzmanare entitled to attorney's fees pursuant to section 119.12, Florida Statutes (1995)again presumably at public expense. As the legal issues involved here are not unique and have been determined in prior decisions, it appears to us that this appeal is, at the least, borderline frivolous. Hopefully, if the savings bank is approved, the Authority will be more circumspect in its expenditures.
[4] Which reads:

"(2) "`Agency' means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[5] Which reads in pertinent part:

"Except as otherwise provided in this section and except for such portions thereof which are otherwise public record, all records and information relating to an investigation by the department are confidential and exempt from the provisions of s. 119.07(1) until such investigation is completed or ceases to be active." (Emphasis added).