718 So.2d 227 (1998)
BOOKSMART ENTERPRISES, INC., Appellant,
v.
BARNES & NOBLE COLLEGE BOOKSTORES, INC., Appellee.
No. 97-3224.
District Court of Appeal of Florida, Third District.
August 19, 1998.
Rehearing Denied October 14, 1998.
*228 Holland & Knight and Sanford L. Bohrer and Judith M. Mercier, Miami, for appellant.
Alan S. Fine, Coral Gables; Robinson Silverman Pearce Aronsohn & Berman and Suzanne Berger, for appellee.
Before NESBITT and FLETCHER, JJ., and CLARENCE T. JOHNSON, Jr., Senior Judge.
FLETCHER, Judge.
Booksmart Enterprises, Inc. [Booksmart] appeals the denial of its action by which it sought disclosure of documents it claims to be governed by chapter 119, Florida Statutes (1995), the Public Records Act. We reverse the denial and direct that the relief requested be granted.
The respondent below, Barnes & Noble College Bookstores, Inc. [Barnes & Noble], operates on-campus bookstores at Florida International University [FIU] and Florida Atlantic University [FAU] pursuant to contract with the universities. Booksmart is a competitor operating off-campus bookstore facilities at both universities, with no contractual arrangement with either institution. Pursuant to the agreement with FIU and FAU, Barnes & Noble circulates blank forms to the various instructors at the universities, which forms are to be filled in so as to identify the course each instructor is to teach at the upcoming session and to identify the textbooks that the instructor will require the students to obtain for the course. The instructors determine which textbooks to list, then complete and execute the form.[1] They then turn over the completed document to Barnes & Noble so that its on-campus bookstore can be stocked to enable the students to buy their books for the upcoming session.
Contending that the completed book selection documents are public records available to anyone and that Barnes & Noble is their custodian, Booksmart requested of Barnes & Noble the opportunity to copy the completed documents so that it could stock the required course books for sale at its off-campus bookstore.[2] Barnes & Noble denied Booksmart's request, taking the positions (1) that the completed documents are a trade secret,[3] and (2) that the agreement with the universities specifically provides that Barnes & Noble is not an agent for the universities for any purpose, thus is not required to allow inspection and copying of the completed documents by Booksmart (or by anyone, we presume, including students who are considering which upcoming courses to select). Booksmart took its disappointment to the circuit court, seeking to compel Barnes & Noble to allow the inspection and copying. That court disagreed with Booksmart and denied the requested relief.
We conclude that the completed forms are public records and that Barnes & *229 Noble is their custodian, therefore Barnes & Noble must comply with the provisions of chapter 119, Florida Statutes (1995), including those that require a records custodian to make the documents available for inspection and copying by any person (including Booksmart). "Public records," as defined by section 119.011(1), Florida Statutes (1995):
"[M]eans all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." (emphasis supplied)
About this the supreme court stated in Shevin v. Byron, Harless, Schaffer, Reid & Assocs., 379 So.2d 633, 640 (Fla.1980):
"To give content to the public records law which is consistent with the most common understanding of the term `record,' we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with `public records' are materials prepared as drafts or notes, which constitute mere precursors of governmental `records' and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business."
Here the forms are completed on behalf of the universities by the instructors, in connection with university businessthe selection of the official textbooks for the upcoming courses, a decision that must be made by the universities and memorialized in some fashion so that the course can be taught with all the students and the instructor using the same materials. The documents are also prepared for the purpose of communicating knowledge to the on-campus bookstore so that the proper books will be made available to the persons who need them: the universities' instructors and students. Thus the documents are made in connection with official business, for memorialization and communication purposes. They are public records.
As the documents are public records and are turned over to the keeping of Barnes & Noble to serve the purposes of the universities (as well as those of Barnes & Noble), Barnes & Noble is the custodian of these public records, thus is an agent of the universities.[4]See section 119.011(2), Florida Statutes (1995) (defining an agency so as to include private entities acting on behalf of any public agency). Barnes & Noble cannot deny anyone access to the completed forms. See Wallace v. Guzman, 687 So.2d 1351 (Fla. 3d DCA 1997); Wisner v. City of Tampa Police Dept., 601 So.2d 296 (Fla. 2d DCA 1992).
Accordingly, we reverse the circuit court's decision and remand this matter with instructions to grant the relief requested by Booksmart.
CLARENCE T. JOHNSON, Jr., Senior Judge, concurs.
NESBITT, Judge, (concurring):
I concur in Judge Fletcher's well reasoned opinion. Nevertheless, I do not think that the Florida legislature ever intended for one competitor to reap the benefit of the effort, money, and energy of its rival, where state agencies have privatized their operation. There is no such specific exemption here as required by Article 1, Section 24 of the Florida *230 Constitution. This problem may only be rectified by the legislature.
NOTES
[1] In some cases the department chairperson also executes the form.
[2] Booksmart's reason for wanting to view and copy the documents is irrelevant to the issue of whether the documents are public records. News-Press Pub. Co. v. Gadd, 388 So.2d 276 (Fla. 2d DCA 1980).
[3] Barnes & Noble contends that the completed forms are exempt from disclosure as trade secrets (business "compilations") pursuant to section 812.081(1)(c), Florida Statutes (1995). As the completed forms themselves are not "compilations of information," they are not exempt from disclosure (assuming they would otherwise meet exemption requirements, an assumption we do not make).
[4] Notwithstanding the language in its contract with the universities that purports to deny any agency relationship.