917 So.2d 885 (2005)
John F. TIMONEY, as Chief of Police, etc., Appellant,
v.
CITY OF MIAMI CIVILIAN INVESTIGATIVE PANEL, Appellee.
No. 3D04-2844.
District Court of Appeal of Florida, Third District.
August 17, 2005.
Rehearing and Rehearing Denied January 6, 2006.
Jorge L. Fernandez, City Attorney and Julie O. Bru and Regine Monestime, Assistant City Attorneys; Robert S. Glazier (Miami), for appellant.
David J. Finger (Miami), for appellee.
Elizabeth M. Hernandez, City Attorney for the City of Coral Gables, as amicus curiae.
*886 R. Alexander Acosta, United States Attorney and Russell Koonin, Assistant United States Attorney for The United States of America, as amicus curiae.
Sachs Sax & Klein and Robert Rivas (Tallahassee) for The American Civil Liberties Union of Florida, Inc., as amicus curiae.
Tara Leigh Grove, U.S. Department of Justice (Washington, D.C.), pro hac vice.
Before FLETCHER, WELLS, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied January 6, 2006.
FLETCHER, Judge.
The Chief of Police of the City of Miami, John F. Timoney, seeks reversal of a final judicial order obtained by the City of Miami Civilian Investigative Panel [panel], which order directs Chief Timoney to produce to the panel the city police department's FTAA[1] Operational Plan. We reverse the order.
In obtaining the order the panel relied upon Chapter 119, Florida Statutes, "Public Records," which reflects the policy of the state "that all state, county, and municipal records are open for personal inspection by any person." Section 119.01(1), Florida Statutes (2004).[2] It is the duty of public agencies, and those acting on behalf of public agencies, to provide access to public records. Wallace v. Guzman, 687 So.2d 1351 (Fla. 3d DCA 1997).
If the law stopped here, Chief Timoney would be required to provide the panel with access to the FTAA Operational Plan. However, Article I, section 24, Florida Constitution, permits the legislature to provide for certain exemptions from the access requirement. Chief Timoney, in seeking reversal of the trial court's order mandating the production of the FTAA Operational Plan, contends that Section 119.07(6)(d), Florida Statutes (2004), exempts the Operational Plan from the requirement of public access. This section reads:
"Any information revealing surveillance techniques or procedures or personnel is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution. Any comprehensive inventory of state and local law enforcement resources compiled pursuant to part I, chapter 23, and any comprehensive policies or plans compiled by a criminal justice agency pertaining to the mobilization, deployment, or tactical operations involved in responding to emergencies, as defined in s. 252.34(3), are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution and unavailable for inspection, except by personnel authorized by a state or local law enforcement agency, the office of the Governor, the Department of Legal Affairs, the Department of Law Enforcement, or the Department of Community Affairs as having an official need for access to the inventory or comprehensive policies or plans."[3],[4]
The FTAA summit is long over, there is no longer the threat of violence surrounding *887 that meeting, thus no present emergency exists in relation thereto. This does not mean, however, that no exemption exists. The Operational Plan is a comprehensive plan compiled by a criminal justice agency pertaining to the mobilization, deployment, and tactical operations involved in responding to the FTAA emergency. While it contains security plans from the past FTAA summit meeting, the plans are not unique to that event. It is clear that at least some of the procedures, general and specific, will continue to be used for future events. The language of Section 119.07(6)(d), leads us to believe that the legislature intended to keep such security information exempt after an immediate emergency passes.
The order appealed is reversed. The Operational Plan shall remain sealed and be returned to Chief Timoney.
Reversed.
NOTES
[1] The Free Trade Area of the Americas summit meeting was held in Miami in November, 2003. The City's Operational Plan was prepared in response to intelligence reports warning of possible violence surrounding the meeting.
[2] Through Article I, section 24, Constitution of the State of Florida, the people established the policy.
[3] Generally a person's motive in seeking access to public records is irrelevant. Booksmart Enters., Inc. v. Barnes & Noble College Bookstores, 718 So.2d 227, 228 n. 2 (Fla. 3d DCA 1998), rev. denied, 729 So.2d 389 (Fla. 1999). Section 119.07(6)(d), Florida Statutes, however, requires a need for the access on the part of the entity seeking authorization for exemption thereunder.
[4] Section 119.07(6)(d) establishes the definition of "emergency" by reference to Section 252.34(3), Florida Statutes, which provides:

"`Emergency' means any occurrence, or threat thereof, whether natural, technological, or manmade, in war or in peace, which results or may result in substantial injury or harm to the population or substantial damage to or loss of property."