FLETCHER, Judge.
Joe Mastrapa, Bail Yes, Inc., and American Bonding Insurance Corp., appellants, appeal from an order which denied in part their petition for document production brought pursuant to Chapter 942, Florida Statutes (2005), the Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings.[1] The appellants are all defendants in a criminal case presently pending in Supreme Court, New York County, State of New York.
Pursuant to Chapter 942[2] the New York court certified that certain documents held by the records custodian for the South Florida Money Laundering Strike Force were to be produced in New York. The certificate was presented to the (Florida) court — the Circuit Court for the 11th Judicial Circuit — and a proceeding begun, pursuant to section 942.02, in the Florida court. The Strike Force produced some of the documents but objected to the production of other documents (identified as those in paragraphs 2 and 7). The Strike Force contended that the issuance of a subpoena compelling the production of the paragraph 2 and 7 documents would operate as an undue hardship on the Strike *423 Force as the information contained therein is extremely sensitive information concerning ongoing law enforcement investigations.
The Florida court determined that the Paragraph 2 and 7 documents were not material to the defense in the New York criminal proceeding and their production would be unduly burdensome to the Strike Force. Thus he denied the production request.
We agree that the production of the paragraph 2 and 7 documents would be unduly burdensome. The documents contain the operating structure, strategy, and techniques that the Strike Force employs to detect and combat narcotic trafficking and money laundering. As the Strike Force argues, forcing disclosure of the internal operating procedure of the Strike Force would “put the blueprint of a money laundering task force in the hands of an accused money launderer, and by corollary, the general public.”
It is clearly good public policy to keep such information where it belongs, with the Strike Force. Timoney v. City of Miami Civilian Investigative Panel, 917 So.2d 885 (Fla. 3d DCA 2005), while it did not deal with Chapter 942, dealt with an effort to have sensitive law enforcement documents produced:
“The Operational Plan is a comprehensive plan compiled by a criminal justice agency pertaining to the mobilization, deployment, and tactical operations involved in responding to the FTAA emergency. While it contains security plans from the past FTAA summit meeting, the plans are not unique to that event. It is clear that at least some of the procedures, general and specific, will continue to be used for future events. The language of Section 119.07(6)(d), leads us to believe that the legislature intended to keep such security information exempt after an immediate emergency passes.”
The circuit judge did not abuse his discretion. We therefore affirm the court’s order.

. This is a civil proceeding, see Application of the People of the State of New York, 100 So.2d 149 (Fla. 1958), rev'd on other grounds, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959). The order under review is a final one, thus reviewable by appeal.

. Section 942.02, Florida Statutes, sets out the procedure for the State Court wherein the criminal proceeding is pending to seek to compel witnesses in another state to appear before the court.