464 So.2d 545 (1985)
Dyer MICHEL, As Administrator and Custodian of Records of the Marion County Hospital District, D/B/a Munroe Regional Medical Center, Petitioner,
v.
Leroy DOUGLAS, Respondent.
No. 61870.
Supreme Court of Florida.
February 21, 1985.
William G. O'Neill and James A. Cornelius of O'Neill & Cornelius, Ocala, for petitioner.
John B. Fuller and Bryce W. Ackerman of Savage, Krim, Simons, Fuller & Ackerman, Ocala, for respondent.
Bruce Barkett, Asst. Atty. Gen., Tallahassee, amicus curiae for State of Florida, ex rel. Jim Smith, Atty. Gen., Tallahassee.
W.E. Bishop, Jr. and John C. Moore of Bishop & Behnke, Ocala, amicus curiae for Pamela W. Davis, Director of Patient Care Services and Viola E. Hope, Nursing Assistant, Employees of Marion County Hospital District.
*546 McDONALD, Justice.
The following questions have been certified as being of great public importance:
I. ARE THE EMPLOYEE RECORDS, KEPT AS PART OF A TAX-SUPPORTED HOSPITAL'S PERMANENT FILES AND RECORDS, GENERALLY "PUBLIC RECORDS" WITHIN THE SCOPE OF CHAPTER 119?
II. ARE THE HOSPITAL'S EMPLOYEE RECORDS EXEMPTED FROM CHAPTER 119 BY SECTION 119.07(3)(a) OR BY SECTION 119.07(3)(f)?
III. SHOULD THE ACCESS TO THE PERSONNEL RECORDS UNDER CHAPTER 119 BE BARRED BECAUSE IT CONSTITUTES AN INVASION OF THE EMPLOYEES' FEDERALLY OR STATE PROTECTED RIGHT OF PRIVACY WHERE THE RECORDS MAY CONTAIN HARMFUL OR DAMAGING INFORMATION?
Douglas v. Michel, 410 So.2d 936, 940-941 (Fla. 5th DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Douglas filed a petition for writ of mandamus, seeking access to the hospital district's personnel records pursuant to the Public Records Act, chapter 119, Florida Statutes (1979). After a hearing, the trial court denied the petition. On appeal, however, the district court reversed and ordered that Douglas be allowed to inspect the records.
We agree with the district court that those personnel records are public records within the meaning of chapter 119. News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla. 1977). See Shevin v. Byron, Harless, Schaffer, Reid & Associates, 379 So.2d 633 (Fla. 1980). We therefore answer the first question in the affirmative.
The district court also found that no general or special law exempted these records from the operation of chapter 119. After studying the statutes, we again agree with the district court and answer the second question in the negative.
We now turn to the district court's third question. By its specific wording, article I, section 23 of the state constitution does not provide a right of privacy in public records. Additionally, we recently found no state or federal right of disclosural privacy to exist. Forsberg v. Housing Authority, 455 So.2d 373 (Fla. 1984).
We find, however, that the right of access to personnel records as public records is not the right to rummage freely through public employees' personal lives. In Shevin v. Byron, Harless we defined public records as "material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type." 379 So.2d at 640.[1] As pointed out by the district court in Roberts v. News-Press Publishing Co., 409 So.2d 1089, 1095 (Fla. 2d DCA), review denied, 418 So.2d 1280 (Fla. 1982), "personnel records are not kept as a principal function of a public agency. They are merely an internal agency function maintained to facilitate the primary purpose of that particular agency."[2]
We suggest, therefore, that public agencies monitor their personnel records and exclude information not related to their employees' qualifications for their jobs or to the performance of their jobs. Compare News-Press v. Wisher, 345 So.2d at 648 ("No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's *547 failure to perform his or her duties properly.") This suggestion, however, is only that. We do not impose a duty on an agency to so act, and do not create or recognize a cause of action by an employee for the employer's failure to do so. What is kept in personnel files is largely a matter of judgment of the employer, but whatever is so kept is public record and subject to being published.
In the instant case we hold that Douglas must be given access to the requested personnel records.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs in result only with an opinion.
ADKINS, J., concurs in result only.
OVERTON, Justice, concurring in result only.
I concur in the result. I find we should ask the parties to submit additional briefs limited to the question of whether a constitutional privacy exception should be applied to prohibit disclosure of certain information contained in records when such disclosure may result in serious physical harm.
In the instant case, some of the hospital employees are psychiatric personnel who work with persons who are a danger to themselves and to others. The petitioner asserted in oral argument that public disclosure of the psychiatric staff personnel files would give present and former psychiatric patients access to employees' home addresses and telephone numbers, and that such access could endanger employees. It appears that a significant issue has been raised if evidence can clearly establish that the disclosure of certain portions of the information contained in public records could result in serious physical injury to an individual. Although the petitioner mentioned this issue as part of his argument, it has not been fully addressed in the briefs and has been ignored by the majority. I conclude that this is an important issue that should be resolved by this Court after all parties have presented legal arguments on the question. For these reasons, I concur in result only.
NOTES
[1] Regarding the classification of what is or is not a public record, we held that such determination would be made on a case-by-case basis. Shevin v. Byron, Harless, 379 So.2d at 640.
[2] In Tribune Co. v. Cannella, 458 So.2d 1075 (Fla. 1984), we struck down a three-day delay in opening personnel records in order to allow the individual employee to be present during inspection or to challenge the inspection. It is doubtful that the 24-hour delay approved in Roberts can now be enforced. This does not, however, lessen the correctness of the abovequoted observation.