Jeffrey Stone, Ph.D. City Manager of St. Petersburg Beach 7701 Boca Ciega Drive St. Petersburg Beach, Florida 33706
Dear Dr. Stone:
As St. Petersburg Beach City Manager, you have asked for my opinion on substantially the following question:
May the City of St. Petersburg Beach remove consent to drug testing forms and records of disciplinary action for refusing to submit to drug testing from the personnel files of city firefighters?
In sum:
The City of St. Petersburg Beach may not delete or remove consent forms or records of disciplinary action relating to drug testing of a city's firefighters contained in city personnel records, as the personnel records are public records and the Public Records Law contains no express exemption for such information. However, the city should be sensitive to section 112.08(7), Florida Statutes, which clearly provides that medical records of these employees are confidential and exempt from the provisions of section 119.07(1), Florida Statutes.
According to your letter, the City of St. Petersburg Beach implemented a mandatory suspicionless drug testing program in 1986.[1] In that connection, its firefighters were required to sign a consent form for the drug testing, which most did under protest. Three of the firefighters refused to submit to the drug testing program and were sent home without pay.
Subsequently, the firefighters filed actions in federal court for violations of their constitutional right to privacy as a result of the drug testing. In 1992, a federal district judge in the Middle District of Florida granted summary judgment for the city and found that the firefighters belonged to that class of employees that may constitutionally be tested on a mandatory suspicionless basis.
Following entry of summary judgment, the city and firefighters reached a resolution of the case. The firefighters have requested that their consent forms, which were signed under protest, be removed from their personnel files, as well as any record of the disciplinary action sending home those firefighters who refused to be tested. While the city is not opposed to the removal of these records, you have asked whether this can be accomplished in light of the Public Records Law.
In general, the rule regarding personnel records is the same as for other public records. That is, unless the Legislature has expressly exempted an agency's personnel records from disclosure or has authorized the agency to adopt rules limiting access to such records, personnel records are subject to public inspection under section 119.07(1), Florida Statutes.[2] Further, material may not be removed or deleted from public records in the absence of express statutory authorization.[3]
An example of records which the Legislature has determined should be confidential and which may be maintained in city personnel records is set forth in section 112.08(7), Florida Statutes. This statute provides for the confidentiality of "all medical records and medical claims records" which may be in the municipality's custody for its employees and their dependents who are enrolled in a municipal group insurance plan or self-insurance plan.[4] Thus, the Legislature has created a specific exemption from the public records law for these medical records and the city should be vigilant in its protection of the confidentiality provided by statute for medical records of these employees.
The question of whether constitutional privacy interests operate generally to shield agency personnel records from disclosure has been addressed by the Florida Supreme Court a number of times. In Michel v. Douglas,[5] the Court held that the state constitution "does not provide a right of privacy in public records"[6] and that a state or federal right of privacy does not exist in such records.[7] Additionally, the judiciary has refused to deny access to personnel records based on claims that the release of such information could prove embarrassing or unpleasant for the employee.[8]
Further, an agency is not authorized to maintain personnel records of its employees under two headings, one open and one confidential, in the absence of statutory authorization.[9] In contrast, section 119.07(3)(x), Florida Statutes, authorizes the maintenance of separate files containing information relating to the medical condition or medical status of state employees or water management district employees if that information is not relevant to the capacity of the employee to perform his or her duties.[10] The statute also makes these records exempt from disclosure.[11]
Therefore, it is my opinion that personnel records of municipal firefighters are public records subject to disclosure under section 119.07(1), Florida Statutes, and, in the absence of any statutory exemption for consent forms and records of disciplinary action relating to drug testing on city firefighters, the City of St. Petersburg Beach may not remove these records from the personnel files.[12]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] In 1990 the Legislature enacted s. 440.102, Florida Statutes, which sets forth drug-free workplace program requirements. This statute provides for certain types of drug testing and authorizes such testing of employees by any "person or entity that employs a person and that is covered by the Workers' Compensation Law."
Section 440.102(8), Florida Statutes, provides that:
The provisions of s. 119.07 to the contrary notwithstanding: (a) All information, interviews, reports, statements, memoranda, and drug test results, written or otherwise, received by the employer through a drug testing program are confidential communications and may not be used or received in evidence, obtained in discovery, or disclosed in any public or private proceedings, except in accordance with this section or in determining compensability under this chapter.
However, according to information which you supplied to this office, the drug testing program utilized by the City of St. Petersburg Beach is not currently and has never been a section440.102(8), Florida Statutes, program. Thus, these provisions would not apply to the program under consideration in this opinion. Cf., section 112.0455, Florida Statutes, the "Drug-Free Workplace Act," which applies to agencies of state government and which contains similar confidentiality provisions relating to information gathered pursuant to this statute.
[2] See, Michel v. Douglas, 464 So.2d 545 (Fla. 1985).
[3] See, Op. Att'y Gen. Fla. 90-104 (1990) (desire of data processing company to maintain "privacy" of certain materials filed with Department of State is of no consequence unless such materials fall within a legislatively created exemption to ch. 119, Fla. Stat.); Ops. Att'y Gen. Fla. 80-31 (1980) and 71-394 (1971).
[4] Section 112.08(7), Florida Statutes, provides that:
All medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, former county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential and are exempt from the provisions of s.119.07(1). Such records shall not be furnished to any person other than the employee or his legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the employee or his legal representative by the party seeking such records. . . .
[5] 464 So.2d 545 (Fla. 1985).
[6] Id. at 546.
[7] See also, Forsberg v. Housing Authority of City of Miami Beach, 455 So.2d 373 (Fla. 1984); Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980). Cf., Garner v. Florida Commission on Ethics, 415 So.2d 67 (Fla. 1st DCA 1982), pet. for rev. denied, 424 So.2d 761 (Fla. 1983) (the public's right to view the commission's files outweighs an individual's disclosural privacy rights).
[8] As the Supreme Court of Florida pointed out in News-Press Publishing Company v. Wisher, 345 So.2d 646, 648 (Fla. 1977):
No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's failure to perform his or her duties properly.
See also, News-Press Publishing Co., Inc. v. Gadd, 388 So.2d 276
(Fla. 2d DCA 1980), stating that all documents falling within the scope of the Public Records Act are subject to public disclosure unless specifically exempted by the Legislature and, absent a statutory exemption, a court is not free to consider public policy questions regarding the relative significance of the public's interest in disclosure and damage to an individual or institution resulting from such disclosure; and Browning v. Walton,351 So.2d 380 (Fla. 4th DCA 1977), stating that a city cannot refuse to allow inspection of records containing the names and addresses of city employees who have filled out forms requesting that the city maintain the confidentiality of their personnel files.
[9] See, Op. Att'y Gen. Fla. 73-51 (1973).
[10] The statute specifically states that "[i]nformation which is exempt shall include, but is not limited to, information relating to workers' compensation, insurance benefits, and retirement or disability benefits."
[11] Cf., News-Press Publishing Company, Inc. v. Kaune,511 So.2d 1023 (Fla. 2d DCA 1987) individual firefighters' medical infor-mation resulting from physician's contract with a governmental agency to perform physical examinations was not a public record where the information was unrelated to job performance and the information was in the possession of the physician.
[12] Cf., Florida Sugar Cane League, Inc. v. Florida Department of Environmental Regulation, No. 91-2108 (Fla. 2d Cir. Ct., Sept. 20, 1991), stating that an agency is not authorized to create a "self-exemption" with a promise to third parties to keep records from disclosure to the public.