Mr. Bruce R. Conroy Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You ask substantially the following question:
Is a monthly printout of the medical claims records under the city's group insurance plan that identifies by name public employees who obtained medical services and the amount of such claims, and contains some account information, subject to disclosure?
In sum:
A monthly printout of the preceding month's medical claims under the city's group health insurance plan that identifies the public employees who obtained medical services and the amount of such claims, together with some account information, is exempt from the disclosure provisions of section 119.07(1), Florida Statutes.
According to your letter, the City of Cape Coral provides group medical insurance for its employees. Each month, the city receives a printout from its insurance carrier of the preceding month's medical claims by employees. The printout identifies the employee by name and the employee's medical claim by amount, and contains some account information. A question has arisen as to whether the printout is subject to disclosure under the Public Records Law.
Chapter 119, Florida Statutes, the Public Records Law, provides that it is the policy of this state that "all state, county, and municipal records shall at all times be open for a personal inspection by any person."[1] This policy was reaffirmed with the 1992 adoption of a constitutional amendment stating:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.[2]
The Legislature, however, is permitted to provide by general law for the exemption of records from the above requirements of access and to enact laws governing the enforcement of the constitutional provision, including statutes regulating the maintenance, control, destruction, and disposal of records made public by this section.[3]
Thus, pursuant to section 119.07(1)(a), Florida Statutes, "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those records that are provided by law to be confidential or that are prohibited from being inspected by the public are exempt from disclosure.[4]
This office has consistently stated that personnel records of employees paid from public funds are subject to disclosure in the absence of a statutory exemption.[5] The Legislature, however, has recognized the sensitive personal nature of medical information concerning individuals and has enacted several statutory provisions exempting certain medical information from disclosure.[6]
For example, section 119.07(3)(cc), Florida Statutes, provides that medical information pertaining to a prospective, current, or former officer or employee of an agency which, if disclosed, would identify that officer or employee is confidential and exempt from the disclosure provisions of section 119.07(1), Florida Statutes, unless written permission of the employee or the employee's legal representative has been obtained.[7] Section 760.50(5), Florida Statutes, states in part that every employer who provides or administers health insurance benefits to its employees shall maintain the confidentiality of its records and information relating to the medical condition or status of any person covered by such benefits. The statute, as amended by section 6, chapter 94-90, Laws of Florida, effective October 1, 1994, also provides that such information in the possession of a public employer is exempt from section 119.07(1), Florida Statutes, and Article I, section 24(a), Florida Constitution.
With specific regard to the instant inquiry, section 112.08(7), Florida Statutes, provides:
All medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, former county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential and are exempt from the provisions of s.119.07(1). Such records shall not be furnished to any other person other than the employee or his legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the employee or his legal representative by the party seeking such records. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.[8] (e.s.)
Thus, the Legislature has specifically provided that medical claims records in the custody of a county or municipality providing group health insurance are confidential and exempt from disclosure. According to your letter, the printout consists of the preceding month's medical claims by employees, identifying employees by name together with the amount of the claim and some account information. The printout, therefore, would appear to constitute a medical claim record and the release of such record would appear to be contrary to the legislative intent underlying section 112.08(7), Florida Statutes, which seeks to protect an employee's privacy regarding medical records and claims.
Accordingly, I am of the opinion that the monthly printout of the preceding month's medical claims under the city's group health insurance plan that identify a public employee who obtained medical services, together with some account information and the amount of the employee's medical claim, would appear to be exempt from the disclosure provisions of section 119.07(3), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 119.01(1), Fla. Stat. (1993).
[2] Article I, s. 24(a), Fla. Const. 
[3] Article I, s. 24(c), Fla. Const. 
[4] Section 119.07(3)(a), Fla. Stat. (1993).
[5] See, e.g., Ops. Att'y Gen. Fla. 94-54 (1994) and 86-92 (1986). And see, Michel v. Douglas, 464 So.2d 545 (Fla. 1985).
[6] See, s. 119.14(4)(b)2., Fla. Stat. (1993), the Open Government Sunset Review Act (exemptions created or maintained that protect information of a sensitive personal nature concerning indivi-duals).
[7] See, s. 119.011(2), Fla. Stat. (1993), defining "Agency" to mean
any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[8] Compare, s. 112.08(8), Fla. Stat. (1993), containing an exemption for patient medical records and medical claims records of water management district employees, former employees, and eligible dependents under the district's group insurance plan. And see, News-Press Publishing Company v. Kaune, 511 So.2d 1023 (Fla. 2d DCA 1987), stating that the exemption provided in section112.08(7) is broader than that contained in section 112.08(8), Florida Statutes.