Mr. Jeffrey D. Olson Sunrise City Attorney 10770 West Oakland Park Boulevard Sunrise, Florida 33351
Dear Mr. Olson:
On behalf of the City of Sunrise, you ask the following questions:
1. May the police pension board hold public meetings in a conference room located in a building that may be accessed by the public only by providing identification and leaving such identification with the duty officer as security for a numbered electronic key used to access the building's elevators, and where permission must be given in order to enter the room where the meeting is held?
2. May a police pension board submit a public records request to the board for a vote as a condition to release of its records?
In sum:
1. The city's police pension board should not hold its meetings in a facility where the public has limited access and where there may be a "chilling" effect on the public's willingness to attend by requiring the public to provide identification, to leave such identification while attending the meeting and to request permission before entering the room where the meeting is held.
2. A police pension board may not condition the release of its records upon a vote of the board; such records are open to the public in the absence of a statute providing for the confidentiality or exemption of such records.
According to information provided to this office, the city is concerned about the liability it may incur if an agency of the city is deemed to be in violation of the open government laws.
Question One
You state that in order to access the fourth floor conference room in the city's Public Safety Complex, a member of the public must go to the officer on duty and provide identification. Such identification must be left with the duty officer as security in exchange for a numbered electronic key card, which is used to access the entrance to the first floor area where the building's elevators are located. Once an electronic key is obtained, the person must then take an elevator to the fourth floor, where a receptionist's permission must be obtained to enter the inner offices area in which the conference room is located. You state that, other than for pension board meetings, the conference room is not normally available for public meetings. According to your letter, other facilities are available for the pension board's use.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission be "open to the public."[1] As a board created by the city to administer the city's pension plan and its police retirement trust fund, the five-member police pension board is subject to the requirements of section 286.011, Florida Statutes.[2]
Public access to meetings of public boards or commissions is a key element of the Sunshine Law. Section 286.011(6), Florida Statutes, specifically provides that "[a]ll persons subject to subsection (1) are prohibited from holding meetings at any facility or location which discriminates on the basis of sex, age, race, creed, color, origin, or economic status or which operates in such a manner as to unreasonably restrict public access to such a facility." Moreover, as you note, section 120.53(6), Florida Statutes, while not applicable to the pension board, seeks to implement the public's right of access by stating in relevant part:
Limiting points of access to meetings, hearings, and workshops subject to the provisions of s. 286.011 to places not normally open to the public shall be presumed to violate the right of access of the public; and any official action taken under such circumstances is void and of no effect.[3]
This office has advised public boards or commissions to avoid holding meetings in places not easily accessible to the public. Thus, for example, this office suggested that a public board avoid the use of luncheon meetings to conduct board business since such meetings may have a "chilling" effect on the public's willingness or desire to attend. Persons who might otherwise attend such a meeting may be unwilling or reluctant to enter a public dining room without purchasing a meal and may be financially or personally unwilling to do so.[4]
Similarly, persons who wish to attend the pension board meeting may be reluctant to attend a meeting at a place not normally open to the public at which they must provide identification to enter and must leave such identification while in the building. In addition, before entering the meeting room, according to your letter, persons must obtain the permission of the receptionist before being allowed "to enter the inner offices where the conference room is located." Such conditions would appear to have a chilling effect on the public's willingness to attend. Moreover, you indicate that there are other more accessible places within the city where such meeting could be held.
Accordingly, based upon the foregoing, I am of the opinion that the city's police board should not hold its meetings in a facility in which the public has limited access and in which there may be a "chilling" effect on the public's willingness to attend the meeting when there are other public facilities available for the board's use.
Question Two
Section 119.07(1)(a), Florida Statutes, provides in part that the custodian of a public record
shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee.
Thus, the statute establishes an individual's right of access in plain and unequivocal terms.[5]
Only those records that are made confidential or exempt from disclosure by statute are removed from this legislative mandate. This office has stated that a custodian of public records may not impose a rule or condition of inspection that operates to restrict or circumvent a person's right of access.[6] Thus, the "reasonable conditions" referred to in section 119.07(1)(a), Florida Statutes, do not include anything that would hamper or frustrate, either directly or indirectly, a person's right of inspection and copying; rather the term refers to the custodian's duty to ensure that the records are safely maintained.[7] The legislative scheme of Chapter 119, Florida Statutes, preempts any local enactment or policy that purports to impose additional conditions or restrictions on access to public records.[8]
The courts have stated that the only delay in producing records permitted under the Public Records Law is the reasonable time for the custodian to retrieve the record and delete those portions of the record the custodian asserts are confidential or exempt, if any.[9] A procedure that provides for an automatic delay in the production of records therefore is impermissible.[10]
Accordingly, a procedure whereby access to public records is delayed until the board of trustees meets to vote on whether or not to release the records appears to be contrary to the provisions of Chapter 119, Florida Statutes. I am, therefore, of the opinion that the board of trustees of the police pension board may not delay release of its records until such a time as the request is submitted to the board for a vote.
Sincerely,
Robert A. Butterworth Attorney General
RAB/all
[1] See, s. 286.011(1), Fla. Stat., which provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
And see, Art. I, s. 24(b), Fla. Const., establishing a constitutional right of access to all meetings of any collegial public body of, among others, a municipality at which public business of such body is transacted or discussed. Such meetings are required to "be open and noticed to the public. . . ."
[2] See generally, Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969) (intent of the Legislature to extend application of Sunshine Law to "every board or commission' of the state, or of any county or political subdivision over which it has dominion and control").
[3] Effective October 1, 1996, Ch. 96-159, Laws of Florida, substantially rewords ss. 120.53 and 120.54; the language quoted in the text is deleted from s. 120.53 and substantially identical language is contained in s. 120.54(5)(b)2. See, ss. 5 and 10, Ch. 96-159, supra.
[4] Inf. Op. to Bill Nelson, May 19, 1980.
[5] And see, Art. I, s. 24(a), Fla. Const., establishing a constitutional right of access for any person
to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
Subsection (c) of Art. I, s. 24 permits the Legislature to provide by general law for the exemption of records from the requirements of subsection (a) provided such law states with specificity the public necessity for the exemption and is no broader than necessary to accomplish the stated purpose of the law.
[6] See, Op. Att'y Gen. Fla. 75-50 (1975).
[7] See generally, Wait v. Florida Power Light Company,372 So.2d 420, 425 (Fla. 1979).
[8] See, Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company,105 S.Ct. 2315 (1985); Op. Att'y Gen. Fla. 92-9 (1992) (utilities commission not authorized to alter terms of Ch. 119, Fla. Stat.).
[9] See, e.g., Tribune Company v. Cannella, supra.
[10] Id. And see, Michel v. Douglas, 464 So.2d 545 (Fla. 1985).