Ms. Yvonne Ginsberg Chairman, Statewide Human Rights Advocacy Committee 1317 Winewood Boulevard Building E, Room 121 Tallahassee, Florida 32399
Dear Ms. Ginsberg:
On behalf of the Statewide Human Rights Advocacy Committee, you ask substantially the following question:
Are the home addresses and telephone numbers and the business addresses and telephone numbers of human rights advocacy committee members contained in the records of the human rights advocacy committees public records?
In sum:
In the absence of an exemption removing such information from disclosure under Chapter 119, Florida Statutes, the home addresses and telephone numbers and the business addresses and telephone numbers of members of the human rights advocacy committees are public records.
The Statewide Human Rights Advocacy Committee (SHRAC) was created within the Department of Health and Rehabilitative Services (HRS) to serve as "an independent third-party mechanism for protecting the constitutional and human rights of any client within a program or facility operated, funded, licensed, or regulated by the Department of Health and Rehabilitative Services."[1] In addition, within each service district of HRS there is at least one district human rights advocacy committee that serves as an extension of the SHRAC and acts in a similar capacity.[2] In order to carry out their duties, the district committees are authorized to monitor by site visit and inspection of records the delivery and use of such programs for the purpose of preventing abuse or deprivation of the constitutional and human rights of clients.[3] Moreover, the committees are responsible for "[r]eceiving, investigating, and resolving reports of abuse or deprivation of constitutional and human rights."[4]
Article I, section 24(a), Florida Constitution, establishes a constitutional right of access to records of public agencies. It provides that every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, county, municipality or district, or persons acting on their behalf. Only those records exempted pursuant to this constitutional provision or specifically made confidential by the Constitution are exempted from this constitutional mandate.[5]
Chapter 119, Florida Statutes, Florida's Public Records Law, establishes a statutory right of access to records of agencies made or received pursuant to law or ordinance or in connection with the transaction of official business.[6] The records of the human rights advocacy committees, entities created by statute to perform the duties prescribed therein, clearly are subject to the requirements of Article I, section 24(a), Florida Constitution, and Chapter 119, Florida Statutes. In the absence of a statute exempting such information, information relating to committee members maintained by the committee will be subject to disclosure.[7]
I am not aware of a statute specifically referring to either the statewide or district human rights advocacy committees that makes the information regarding commission members confidential or exempt from the disclosure provisions of section 119.07(1), Florida Statutes.[8] Section 119.07(3)(i)1., Florida Statutes, however, provides in pertinent part:
"The home addresses, telephone numbers, social security numbers, and photographs of . . . personnel of the Department of Health and Rehabilitative Services whose duties include the investigation of abuse, neglect, exploitation, fraud, theft, or other criminal activities, . . . the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of [section 119.07(1)]."
As an exemption from the disclosure provisions of Chapter 119, Florida Statutes, section 119.07(3)(i), Florida Statutes, is to be strictly construed and any doubt regarding the applicability of the exemption is to be resolved in favor of disclosure.[9] Section119.07(3)(i) does not define the term "personnel" although the term appears to contemplate "a body of employees" of HRS.[10] The SHRAC, although created within HRS, operates independently of that department. Section 402.165(1), Florida Statutes, provides:
"There is created within the Department of Health and Rehabilitative Services a Statewide Human Rights Advocacy Committee. The Department of Health and Rehabilitative Services shall provide administrative support and service to the committee to the extent requested by the executive director within available resources. The Statewide Human Rights Advocacy Committee shall not be subject to the control, supervision, or direction by the Department of Health and Rehabilitative Services."
As evidence of the committee's independence from HRS, section402.165(5)(d), Florida Statutes, provides that SHRAC shall annually prepare a budget request that "shall not be subject to change by department staff after it is approved by the committee, but the budget request shall be submitted to the Governor by the department for transmittal to the Legislature." SHRAC members serve without compensation.[11] The Governor is responsible for filling vacancies on the SHRAC; no person who is employed by HRS, however, may be appointed to SHRAC.[12] While at least one district committee is created in each HRS service district, these committees are subject to direction from and the supervision of the statewide committee.[13]
This office has been advised by the HRS General Counsel's Office that committee members are not generally considered to be HRS personnel. In light of the above and in view of the independence of such committee from the department, I am of the view that, until legislatively or judicially clarified, the members of the Statewide and District Human Rights Advocacy Committees do not qualify as "personnel of the Department of Health and Rehabilitative Services" for purposes of section 119.07(3)(i), Florida Statutes. The committees, however, may wish to seek clarification on this matter from the Legislature.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 402.165(1) and (7)(a), Fla. Stat.
[2] See, s. 402.166(1) and (7)(a), Fla. Stat.
[3] Section 402.166(7)(b), Fla. Stat.
[4] Section 402.166(7)(c), Fla. Stat.
[5] See, Art. I, s. 24(c), Fla. Const., authorizing the Legislature to provide by general law for the exemption of records and meetings from the requirements of subsections (a) and (b), respectively. And see, Art. I, s. 24(d), Fla. Const., stating that all laws in effect on July 1, 1993, limiting public access to records or meetings shall remain in force until repealed.
[6] See, s. 119.07(1)(a), Fla. Stat. (1995), requiring custodians of public records to permit the inspection or copying of such records at reasonable times and under reasonable conditions. And see, s. 119.011(1), Fla. Stat. (1995), defining "[p]ublic records"; and s. 119.011(2), Fla. Stat. (1995), defining "[a]gency" to include, among others,
"any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[7] See generally, Michel v. Douglas, 464 So.2d 545 (Fla. 1985), rejecting constitutional privacy concerns as operating to shield agency records on its employees and officers.
[8] Compare, ss. 402.165(8) and 402.166(8), Fla. Stat., providing that records prepared by committee members that reflect a mental impression, investigative strategy, or theory are exempt from s. 119.07(1) until the completion of the investigation or the investigation ceases to be active as defined therein.
[9] See generally, Seminole County v. Wood, 512 So.2d 1000
(Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988);Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), pet. for rev. denied sub nom., Gillum v. Tribune Company,503 So.2d 327 (Fla. 1987) (doubt as to the applicability of an exemption should be resolved in favor of disclosure rather than secrecy).
[10] See, Webster's Third New International Dictionary Personnel
p. 1687 (unabridged ed. 1981).
[11] See, s. 402.165(5)(a), Fla. Stat. Committee members, however, are entitled to be reimbursed for per diem and travel expenses in accordance with s. 112.061, Fla. Stat. Id. And see, s.402.166(6), Fla. Stat., containing similar provisions for DHRAC members.
[12] Section 402.165(4), Fla. Stat.
[13] Section 402.166(1), Fla. Stat.