Mr. James T. Moore Commissioner, Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Moore:
You ask substantially the following questions:
1. Absent a request, may a law enforcement agency release or otherwise disseminate records relating to sexual offenders when such records are not otherwise exempt or confidential?
2. If so, may the agency or its employees be liable for releasing such records or information?
In sum:
1. A law enforcement agency may release or disseminate information contained in its public records relating to sexual offenders that are not otherwise exempt or confidential without a request.
2. While a determination of liability constitutes a mixed question of law and fact which must be resolved by a court of law in an appropriate judicial proceeding, the release of its records relating to sexual offenders would appear to fall within the duties and responsibilities of a law enforcement agency.
Question One
The "Jimmy Ryce Act" was enacted in 1996 in memory of a child who was brutally murdered by a sexual offender.[1] In section 775.21, Florida Statutes (1996 Supplement), the Legislature has prescribed measures designed to help protect the public from sexual predators and sex offenders. In determining the need for such measures, the Legislature has made the following findings:
"Repeat sex offenders, sex offenders who use physical violence, and sex offenders who prey on children are sexual predators who present an extreme threat to the public safety. Sex offenders are extremely likely to use physical violence and to repeat their offenses, and most sex offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes. This makes the cost of sex offender victimization to society at large, while incalculable, clearly exorbitant."[2]
The statute establishes mandatory community notification procedures for those sex offenders who are determined to be sexual predators in accordance with the Act.[3]
The Act also amended section 944.606, Florida Statutes, relating to sex offenders who have not been designated as "sexual predators." The Legislature has determined that these offenders also
"pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount governmental interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing sexual offender information to law enforcement agencies and to persons who request such information will further the governmental interests of public safety."[4]
In recognition of the risk to the public, the Legislature has required the Department of Corrections to provide law enforcement agencies with certain information about sex offenders.[5] Such information becomes a part of the law enforcement agency's records and, absent a statute making such records confidential or exempt, is subject to disclosure.[6]
Section 944.606(4), Florida Statutes (1996 Supplement), however, provides:
"This section does not authorize the department or any law enforcement agency to notify the community and the public of a sexual offender's presence in the community. However, with respect to a sexual offender who has been found to be a "sexual predator" under chapter 755, the Florida Department of Law Enforcement or any other law enforcement agency must inform the community and the public of the sexual predator's presence in the community, as provided in chapter 775."
Thus, the Act only requires mandatory community notification for sexual predators and imposes a mandatory duty to provide information to the public regarding sexual offenders when a request for information has been made.
You therefore ask whether the Legislature meant to completely ban law enforcement agencies from ever releasing information on sex offenders unless a member of the public asks for particular information on an offender. Stated another way, you ask whether public release of information on sex offenders is restricted to sexual predators. The legislative intent and the Public Records Law unmistakably leads me to the conclusion that the mandatory duty of these agencies to alert the public under section 775.21,supra, does not preclude the disclosure of sexual offender information to the public.
Sex offender information is a public record and is subject to disclosure. While community notification is not mandatory for sexual offenders as it is for sexual predators under section775.21, Florida Statutes (1996 Supplement), the Legislature has made it clear that all sexual offenders present a high risk to the public safety. Moreover, the statutes themselves recognize that sex offenders have a reduced expectation of privacy.[7]
Nothing in either section 775.21 or section 944.606, Florida Statutes (1996 Supplement), indicates an intent to erode a law enforcement agency's obligation to disclose any information in the interests of public safety.[8] The Legislature itself has recognized the risk these offenders present. Neither a law enforcement agency's responsibility to protect the public nor public safety generally is served by reading the statutes in such a cramped manner as to require that a law enforcement agency receive a specific request before releasing sexual offender information contained in its public records to the community.
Accordingly, I am of the opinion that a law enforcement agency may, without a request, release any information contained in its public records, provided that the information is not otherwise exempt or made confidential by law. Such release is, in my opinion, consistent with the Legislature's finding that sexual offenders represent a threat to public safety.
Question Two
You ask whether a law enforcement agency or its employees would ever be held liable for releasing information. Such a determination necessarily involves mixed questions of law and fact which this office cannot resolve. Rather the determination is one that must be made by a court of competent jurisdiction in an appropriate proceeding based upon the particular facts.
However, as discussed in the previous question, the Legislature has recognized the risk that these offender pose to the public and public safety is not served by reading the statutes so as to prevent law enforcement from disclosing nonexempt public records.[9] Moreover, the privacy interests of these offenders is reduced as section 944.606(2), Florida Statutes (1996 Supplement), recognizes: "Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government."[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/all
[1] See, s. 60, Ch. 96-388, Laws of Florida, providing that "[s]ections 61 through 67 of this act may be cited as the `Jimmy Ryce Act.'"
[2] Section 775.21(3)(a), Fla. Stat. (1996 Supp.).
[3] The sexual predator list of the Florida Department of Law Enforcement containing identifying information as specified in s.775.21(6)(a)1., Fla. Stat. (1996 Supp.), is a public record. See, s. 775.21(6)(d)2., Fla. Stat. (1996 Supp.). Section 775.21(7) also provides for community and public notification of the presence of certain sexual offenders who have been determined by a court to be sexual predators in accordance with s. 775.21(4)(c) and (5). Community notification in accordance with former s. 775.225, Fla. Stat. (1995), is authorized for those sexual offenders found by a court to be sexual predators in accordance with s. 775.21(4)(b).
[4] Section 944.606(2), Fla. Stat. (1996 Supp.).
[5] See, s. 944.606(3)(a) and (b), Fla. Stat. (1996 Supp.), stating:
"(3)(a) The department must provide information regarding any sexual offender who is being released after serving a period of incarceration for any offense, as follows:
1. The department must provide: the sexual offender's name, social security number, race, sex, date of birth, height, weight, and hair and eye color; date and county of sentence and each crime for which the offender was sentenced; a copy of the offender's fingerprints and a photograph taken within 90 days of release; and the offender's intended residence address, if known.
2. The department may provide any other information deemed necessary, including criminal and corrections records, nonprivileged personnel and treatment records, when available.
(b) The department must provide the information described in subparagraph (a)1. to:
1. The sheriff of the county from where the sexual offender was sentenced;
2. The sheriff of the county and, if applicable, the police chief of the municipality, where the sexual offender plans to reside; and
3. Any person who requests such information, either within 6 months prior to the anticipated release of a sexual offender, or as soon as possible if an offender is released earlier than anticipated."
[6] See, s. 119.011(1), Fla. Stat. (1996 Supp.), defining "Public records" and s. 119.07, Fla. Stat. (1996 Supp.), requiring the disclosure of public records in the absence of a statute making the records exempt or confidential. And see, Op. Att'y Gen. Fla. 93-32 (1993), concluding that no confidentiality requirement has been imposed on the information regarding sex offenders sent to local governmental agencies pursuant to s. 944.606, Fla. Stat., and thus such information constitutes public records open to inspection and copying by the public.
[7] See s. 944.606(2), Fla. Stat. (1996 Supp.). Further, while the Florida Constitution recognizes a right of privacy for Florida citizens in Art. I, s. 23, Fla. Const., it also states that "[t]his section shall not be construed to limit the public's right of access to public records and meetings as provided by law." Florida courts have determined that no federal or state right of privacy prevents access to public records. See, e.g., Michel v.Douglas, 464 So.2d 545 (Fla. 1985) (no state or federal right of privacy prevents access to public records); Forsberg v. HousingAuthority of City of Miami Beach, 455 So.2d 373 (Fla. 1984).
[8] Cf., Williams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA 1991), stating that "[t]here is no law against gratuitously releasing public records" and recognizing the ability of an agency to release records in the absence of a request when "it is necessary to the agency's transaction of its official business to reveal the records to a person who has not requested to see them." And see, Op. Att'y Gen. Fla. 93-32 (1993), authorizing the release of sex offender information received pursuant to s. 944.606, F.S., to public agencies and private groups in carrying out their duty to protect public safety.
[9] See, n. 7, supra.
[10] While the court in Williams v. City of Minneola, supra, held that civil liability could arise for an abusive or malicious release of public records, it also recognized that liability did not arise when the release of the records to a person who had not requested to see them was necessary to carry out the agency's official duties. The court noted that "[t]here is no law against gratuitously releasing public records." 575 So.2d at 687. On remand, the court noted that the cause of action against a police department for outrageous infliction of mental distress resulting from the unauthorized display of a police autopsy videotape at a private party, was barred by sovereign immunity. Williams v. Cityof Minneola, 619 So.2d 983 (Fla. 5th DCA 1993).
Moreover, in the instant inquiry, unlike the situation inWilliams, the Legislature has recognized the public safety risks presented by these offenders. Law enforcement agencies in disseminating this information, therefore, are acting in the interests of public safety.