The Honorable Gary C. Wheeler Sheriff, Indian River County 4055 41st Avenue Vero Beach, Florida 32960-1808
Dear Sheriff Wheeler:
You have asked for my opinion on substantially the following question:
Are medical records of sheriff's office personnel exempt from the Public Records Law?
In sum:
Pursuant to section 119.07(3)(v), Florida Statutes, medical information relating to employees of the sheriff's office is exempt from inspection and copying under the Public Records Law.
Chapter 119, Florida Statutes, the Public Records Law, provides that it is the policy of this state that "all state, county, and municipal records shall be open for personal inspection by any person."[1] This policy was reaffirmed with the 1992 adoption of a constitutional amendment stating:
"Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution."[2]
The Legislature, however, may provide by general law for the exemption of records from these access requirements and enact laws governing the enforcement of the constitutional provision, including statutes regulating the maintenance, control, destruction, disposal, and disposition of public records.[3]
Thus, pursuant to section 119.07(1)(a), Florida Statutes, "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." Only those records that are provided by law to be confidential or that are prohibited from being inspected by the public are exempt from disclosure.[4]
The general rule regarding personnel records is the same as for other public records: Unless the Legislature has expressly exempted an agency's personnel records from disclosure or authorized the agency to adopt rules limiting access to such records, personnel records are subject to public inspection under section 119.07(1), Florida Statutes.[5] Accordingly, an agency should assume that all information in a personnel file is subject to inspection unless a specific statutory exemption exists that would permit withholding a particular document from disclosure.[6]
The Legislature, however, has recognized the sensitive personal nature of medical information and has enacted a number of statutory provisions exempting certain medical information from disclosure.[7] Among those statutes that recognize the sensitivity of medical records is section 112.08(7), Florida Statutes, providing that employee medical records and medical claims records in the custody of a unit of local government that participates in a group insurance plan or self-insurance plan are confidential and exempt from the Public Records Law. Other statutes provide similar protections for current or former state or water management district employees and their dependents who are enrolled in a group insurance plan.[8] Section 760.50(5), Florida Statutes, states that every employer who provides or administers health insurance benefits to its employees shall maintain the confidentiality of its records and information relating to the medical condition or status of any person covered by such insurance benefits. These statutes provide that such information is exempt from the provisions of section 119.07(1), Florida Statutes, and Article I, section 24(a) of the Florida Constitution, and subject any employer who fails to implement such a procedure to possible damages liability.
More directly relevant to your question regarding the medical records of employees of the Indian River County Sheriff's Office is the broad public records exemption for medical information of governmental officers and employees set forth in section119.07(3)(v), Florida Statutes. This statute provides:
"Medical information pertaining to a prospective, current, or former officer or employee of an agency which, if disclosed, would identify that officer or employee is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution. However, such information may be disclosed if the person to whom the information pertains or the person's legal representative provides written permission or pursuant to court order."
For purposes of the Public Records Law an "agency" is defined to include "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law[.]" The sheriff's office would come within the scope of this definition of an "agency." While this exemption does not appear to have been the subject of any interpretation by the appellate courts, section119.07(3)(v), Florida Statutes, appears to extend to governmental employees the protection for personal medical records that is generally enjoyed by private sector employees.
Therefore, it is my opinion that medical records of employees of the Indian River County Sheriff's Office are confidential and exempt from the provisions of the Public Records Law pursuant to section 119.07(3), Florida Statutes, and are not subject to public inspection and copying.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.01(1), Fla. Stat.
[2] Article I, s. 24(a), Fla. Const. 
[3] Article I, s. 24(c), Fla. Const. 
[4] See, Wait v. Florida Power and Light Company, 372 So.2d 420
(Fla. 1979).
[5] See, e.g., Ops. Att'y Gen. Fla. 94-54 (1994) and 86-92 (1986). And see, Michel v. Douglas, 464 So.2d 545 (Fla. 1985).
[6] See, for example, s. 119.07(3)(i)1., Fla. Stat., which exempts home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel from the Public Records Law; and s. 112.533(2)(a), Fla. Stat., which makes complaints filed against law enforcement officers and all information obtained pursuant to the investigation of the complaints confidential and exempt from s.119.07(1), Fla. Stat., until the investigation is no longer active or the officer has been provided with written notice of the agency's decision as to whether charges will or will not be filed.
[7] See, s. 119.15(4)(b)2., Fla. Stat., the Open Government Sunset Review Act, authorizing the creation of exemptions which protect information of a sensitive personal nature concerning individuals.
[8] See, ss. 110.123(9) and 112.08(8), Fla. Stat.