The Honorable Daniel M. Bodiford Clerk of the Circuit Court Walton County Post Office Box 1260 DeFuniak Springs, Florida 32435-1260
Dear Mr. Bodiford:
You ask substantially the following question:
May the clerk of court provide social security numbers of county employees to comply with an audit request by the county's workers' compensation carrier?
In sum:
The clerk of court may provide the social security numbers of county employees in order to comply with an audit by the county's workers' compensation carrier.
You state that the workers' compensation carrier for Walton County has requested a detailed list of payroll records of county employees, including the name, social security number and gross wages of each employee, in order to perform an audit. You question whether federal and state law prevents the disclosure of employees' social security numbers, even though workers' compensation law provides that employers are required to make available all records necessary for a payroll verification audit.
Generally, personnel records of public employees are subject to Florida's Public Records Law, Chapter 119, Florida Statutes, the same as any other public record.[1] Unless the Legislature has expressly exempted an agency's personnel records from disclosure or authorizes the governmental agency to adopt rules limiting access to such records, personnel records are subject to public inspection under section 119.07(1), Florida Statutes.[2]
The exclusive authority to exempt personnel records from disclosure is vested in the Legislature.[3] Section 119.07(3)(x), Florida Statutes, specifically exempts from public disclosure the social security numbers of all current and former agency employees which numbers are contained in agency employment records.
In this instance, however, the social security number is not being requested for inspection by a member of the public, but rather is part of information needed to complete an audit by the workers' compensation insurance carrier with whom the county has contracted to provide coverage. The state and its political subdivisions are recognized as employers for purposes of Chapter 440, Florida Statutes, who must "secure the payment of compensation under this chapter."[4]
Section 440.381, Florida Statutes, addresses the requirements for an employer's application for coverage by a carrier and directs the Department of Insurance to adopt rules for applications for coverage. The rules must provide that an application include "information on the employer, the type of business, past and prospective payroll, estimated revenue, previous workers' compensation experience, employee classification, employee names,and any other information necessary to enable a carrier toaccurately underwrite the applicant."[5] (e.s.)
Section 440.381(3), Florida Statutes, directs the Department of Insurance and the Department of Labor and Employment Security to "establish by rule minimum requirements for audits of payroll and classifications in order to ensure that the appropriate premium is charged for workers' compensation coverage." The rules must ensure that audits performed are adequate to provide all sources of payments to employees and that the accuracy of employee classifications has been verified. Specific to payroll verification audits, the rules must include the use of state and federal reports of employee income, payroll and other accounting records.[6]
Pursuant to section 440.381(5), Florida Statutes:
"Employers shall make available all records necessary for the payroll verification audit and permit the auditor to make a physical inspection of the employer's operation. If the employer fails upon request of the auditor to provide access to the documents specified in this section and the carrier cannot complete the audit as a result, the employer shall pay $500 to the carrier to defray the costs of the audits."
Moreover, an employer's failure to provide reasonable access to payroll records for a payroll verification audit subjects the employer to paying a premium to the carrier of up to three times the most recent estimated annual premium.[7]
The rules implementing the above statutes contemplate that the premium for a policy year will be based on "actual audited payroll."[8] Rule 4-190.073(11), Florida Administrative Code, requires that such audits include on-site inspection of the following records as applicable to the individual member:
"(a) Payroll records
(b) Ledgers or journals
(c) UCT-6 reports
(d) Checking accounts
(e) Certificates of insurance for subcontractors
(f) Form 1099's
(g) Claims history
(h) Any other pertinent records."
Clearly, the Legislature has authorized a procedure whereby the workers' compensation insurance carrier is allowed access to payroll information that would include the social security number of the individual employees.[9] This office has been informed by the Department of Labor and Employment Security and the Department of Insurance that social security numbers are an integral part of the reporting system for workers' compensation insurance coverage.
While privacy concerns under federal law are often raised when social security numbers are requested by state or local governments for identification purposes, there are instances where an individual's social security number may be required.[10] As this office recognized recently federal provisions relating to confidentiality of social security numbers do not operate as a general prohibition to the release of such numbers by states, but rather are limited to the particular programs under which the information was obtained.[11] No federal law has been found that would preclude the release of a social security number by a state or local agency that has properly obtained the number. Moreover, the Social Security Administration has informed this office that the Federal Privacy Act of 1974[12] relates to the collection of social security numbers and, in the context of controlling the release of such numbers, applies only to the executive branch of the federal government.
Accordingly, it is my opinion that the clerk of court may provide the social security numbers of county employees in order to comply with an audit by the county's workers' compensation carrier.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Michel v. Douglas, 464 So.2d 545 (Fla. 1985) (employee records, kept as part of a tax-supported hospital's permanent files and records, were public records within the meaning of Florida's Public Records Law). See also, Lewis v. Schreiber, No. 92-8005(03) (Fla. 17th Cir. Ct. June 12, 1992), per curium aff'd,611 So.2d 531 (Fla. 4th DCA 1993); Op. Att'y Gen. Fla. 73-30 (1973).
[2] 464 So.2d at 546.
[3] See, Wait v. Florida Power Light Company, 372 So.2d 420,424 (Fla. 1979) (only those public records made confidential by statutory law and not those documents which are confidential or privileged as a result of judicial decisions or declarations of public policy are exempt from Ch. 119, Fla. Stat.).
[4] See, s. 440.38(1), Fla. Stat., stating that "[e]very employer shall secure the payment of compensation under this chapter," and s. 440.02(15), Fla. Stat. (1998 Supp.), defining "[e]mployer" as "the state and all political subdivisions thereof . . . "
[5] Section 440.381(1), Fla. Stat.
[6] Section 440.381(3), Fla. Stat.
[7] Section 440.381(8), Fla. Stat.
[8] Rule 4-190.073(1), Fla. Admin. Code.
[9] See also, s. 440.185(2), Fla. Stat., requiring an employer within seven days of actual knowledge of injury or death to report such incident to its carrier, with the report to contain the following information:
"(a) The name, address, and business of the employer;
(b) The name, social security number, street, mailing address, telephone number, and occupation of the employee;
(c) The cause and nature of the injury or death;
(d) The year, month, day, and hour when, and the particular locality where, the injury or death occurred; and
(e) Such other information as the division may require." (e.s.)
[10] See, Op. Att'y Gen. Fla. 96-85 (1996) (city may require applicant for occupational license to provide social security number to establish identification for administration of its license tax program).
[11] See, Inf. Op. to Mr. Patrick F. McCormack, May 13, 1997 (social security numbers of job applicants who are not, or do not become, agency employees are public records not exempt from disclosure).
[12] 88 Stat. 1897, effective December 31, 1974. See also,
Historical and Statutory Notes, 5 U.S.C.A. Sec. 552a.