Dear Mr. Johnson:
Your firm serves as counsel for the School Board of Lake County, Florida, and a majority of the members of the board have requested an Attorney General Opinion on substantially the following question:
May the School Board of Lake County remove from a personnel file or destroy an assessment of professional performance standards for an assistant superintendent that was not filed by the school superintendent in accordance with the requirements of section 1012.34(3)(c), Florida Statutes?
In sum:
An Assessment of Professional Performance Standards, District Administrative Appraisal I for an Assistant Superintendent that was not filed in accordance with the requirements of section 1012.34(3)(c), Florida Statutes, is a public record and part of the assistant superintendent's personnel file which may not be removed from public view or destroyed.
According to your letter, in November of 2008, the Superintendent of Schools for Lake County prepared an Assessment of Professional Performance Standards, District Administrative Appraisal I for an Assistant Superintendent, and, without discussing the assessment with him, filed the assessment with the human resources department. This was done on the Superintendent's last day of her elected term. The employee has objected to this assessment being placed in his personnel file in light of the superintendent's failure to comply with section 1012.34(3)(c), Florida Statutes, which requires that such an evaluation be discussed with the employee. The school district's human resources department has attached a memo to the assessment explaining the situation, but the employee is not satisfied with this remedy and has requested that the assessment be removed from the personnel file or destroyed. You have acknowledged that this evaluation meets the criteria to be considered a public record and that if this record is uniquely applicable to an employee, it must remain part of that employee's personnel file. I concur in your determination.
For purposes of Florida's Public Records Law, the term "public records" is defined in section 119.011(12), Florida Statutes:
"`Public records' means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[1]
The Florida Supreme Court has determined that the definition of "public records" encompasses all material received by an agency in connection with official business that is used to perpetuate, communicate, or formalize knowledge.[2] All such material, regardless of whether it is in final form, is open for public inspection and copying unless the Legislature has exempted it from disclosure.[3]
The record prepared by the superintendent relating to the assistant superintendent is clearly a public record. It was prepared by a school system officer pursuant to law in connection with the transaction of official business of the school district. As a public record, this material must be maintained by the school district for inspection and copying subject to rules promulgated by the Division of Library and Information Services for retention and disposal.[4]
Florida law requires that public school system employee personnel files[5] be maintained as prescribed in section 1012.31, Florida Statutes, which states that employee personnel files are subject to the provisions of Florida's Public Records Law with certain specific exceptions.[6] In addition, section 1012.31(2)(a), Florida Statutes, requires that "[m]aterials relating to work performance . . . must be reduced to writing and signed by a person competent to know the facts or make the judgment." The definition of "personnel file" is broad and includes:
"all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which is uniquely applicable to that employee whether maintained in one or more locations."[7]
Regardless of whether this material constitutes an "Assessment of Professional Performance Standards, District Administrative Appraisal I" for the assistant superintendent, this material is uniquely applicable to a particular employee or officer and, as such, it is part of the assistant superintendent's personnel file and subject to the Public Records Law whether it is maintained in a file in the human resources department or elsewhere.
In Attorney General Opinion 94-54, this office considered the removal of material from employee personnel files pursuant to collective bargaining agreements. The opinion concludes that such material as counseling slips and written reprimands could not be placed and maintained in separate disciplinary files to remove them from public access. The general rule regarding personnel records of public employees is the same as that for other public records. That is, unless the Legislature has expressly exempted an agency's personnel records from disclosure or authorized an agency or public entity to limit access to such records, personnel records of public employees are subject to public inspection under section 119.07(1), Florida Statutes.[8] Moreover, a public agency may not remove or delete material or information from a public record in the absence of express statutory authorization.[9]
Therefore, while you have advised this office that the assessment for the assistant superintendent which is currently in his personnel file was not submitted in full compliance with the statutory requirements of section 1012.34(3)(c), Florida Statutes, the record itself appears to be no less a public record for this failure and may not be removed from public view or destroyed in the absence of statutory authority. Further, the definition of "personnel file" in section 1012.31(4), Florida Statutes, is so broad that any material maintained by the school system with respect to the assistant superintendent which is uniquely applicable to that employee "whether maintained in one or more locations" is a part of his personnel file and removing such material to another location would not result in its removal from the personnel file.
I would note that section 1012.34(3)(c), Florida Statutes, provides a remedy for school district employees who wish to respond to written performance assessments. The statute states that "[t]he employee shall have the right to initiate a written response to the evaluation, and the response shall become a permanent attachment to his or her personnel file." While it appears that the Lake County School District itself has attached a memo to the assessment explaining the circumstances, the school district may wish to advise the employee that he may also include a statement in response to the assessment to be included in his personnel file.
In sum, it is my opinion that an Assessment of Professional Performance Standards, District Administrative Appraisal I for an Assistant Superintendent that was not filed in accordance with the requirements of section 1012.34(3)(c), Florida Statutes, is a public record and part of the assistant superintendent's personnel file which may not be removed from public view or destroyed.
Sincerely,
 Pam Bondi Attorney General
PB/tgh
[1] See s. 119.011(2), Fla. Stat., defining the term "[a]gency" to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[2] See Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So. 2d 633 (Fla. 1980).
[3] See Wait v. Florida Power Light Company,372 So. 2d 420 (Fla. 1979).
[4] Section 119.021(2)(a), Florida Statutes, requires the Division of Library and Information Services of the Department of State to adopt rules establishing retention schedules and a disposal process for public records.
[5] Pursuant to s. 1012.31(4), Fla. Stat., the term "personnel file" means "all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which is uniquely applicable to that employee whether maintained in one or more locations."
[6] See s. 1012.31(3)(a), Fla. Stat.
[7] Section 1012.31(4), Fla. Stat.
[8] See Michel v. Douglas, 464 So. 2d 545 (Fla. 1985).And see Alterra Healthcare Corporation v. Estate of Shelley,827 So. 2d 936, 940 n. 4 (Fla. 2002) ("only the custodian of such records can assert any applicable exemption; not the employee").
[9] See Op. Att'y Gen. Fla. 90-104 (1990) (data processing company's desire to maintain "privacy" of certain materials filed with the Department of State has no effect unless such materials fall within a legislatively created exemption to Ch. 119, Fla. Stat.).