390 So.2d 1216 (1980)
CAPE CORAL MEDICAL CENTER, INC., a Florida Nonprofit Corporation, Appellant,
v.
NEWS-PRESS PUBLISHING CO., INC., d/b/a Fort Myers News-Press, Appellee.
No. 80-615.
District Court of Appeal of Florida, Second District.
November 14, 1980.
Rehearing Denied December 10, 1980.
*1217 Robert L. Donald and Harvey Rollings of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Cape Coral, for appellant.
Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for appellee.
Joy M. Packer of Rahdert & Packer, St. Petersburg, for amicus curiae Times Publishing Company.
CAMPBELL, Judge.
Cape Coral Medical Center, lessee from Cape Coral Health Authority, appeals from the entry of a final summary judgment which determined the Medical Center to be a public agency and, therefore, subject to section 286.011, Florida Statutes (1979), the Sunshine Law, and section 119.01, Florida Statutes (1979), the Public Records Law. News-Press Publishing Co. cross-appeals from an order striking its request for attorney's fees.
We have examined the Medical Center's appeal and find that we are not required to address here whether every nonprofit private lessee from a governmental, hospital authority lessor is required to disclose its records pursuant to section 119.01, Florida Statutes (1979), and/or section 286.011, Florida Statutes (1979). The legislature has provided an answer in this particular case through chapter 75-354, Laws of Florida, the special act which created the Cape Coral Health Authority.
Chapter 75-354, Laws of Florida, provides the following:
Section 4.
.....

*1218 (5) ... All meetings of the authority[1] as well as all records, books, documents and papers shall be open and available to the public in accordance with s. 286.011, Florida Statutes.
.....
Section 7... . The authority may lease a project or projects to a health facility[2] for operation and maintenance in such manner as to effectuate the purposes of this act, under an agreement of lease in form and substance not inconsistent herewith. ... (Emphasis added.)
The legislature, in creating the Cape Coral Hospital Authority, provided that the agreement of lease must be consistent with the provisions of the chapter.[3] We interpret this requirement to include the disclosure provisions in section 4(5).[4] Accordingly, we affirm the trial court's entry of summary judgment.
Although we affirm the entry of summary judgment, we do find merit in News-Press' cross-appeal.
In its complaint News-Press requested attorney's fees as provided for in sections 119.12(1) and 286.011(4), Florida Statutes. The Cape Coral Medical Center moved to strike the request for attorney's fees. The court granted the motion to strike prior to the hearing on the motion for summary judgment.
Section 119.12(1), Florida Statutes, provided for an award of attorney's fees to the plaintiff if the court finds that the agency-defendant unreasonably refused to permit inspection of its records. Section 286.011(4), Florida Statutes, provides for an award of attorney's fees when the court finds that the agency violated section 286.011.[5] Each of these provisions for an award of attorney's fees involves a question of fact. A trial court may properly determine a factual question on a motion for summary judgment but not on a motion to strike.
Accordingly, we remand to the trial court for re-examination of the issue of attorney's fees. We affirm the final summary judgment.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] Section 3.

.....
(2) "Authority" or "health facilities authority" means the public corporation created by this act or any board, body, commission, or department of a county or municipality, succeeding to the principal functions thereof or to whom the powers conferred upon each authority by this act shall be given by law.
[2] Section 3.

.....
(8) "Health facility" means any private corporation organized not for profit or any public corporation authorized by law to provide hospital or nursing home care services... .
[3] The legislature is able to provide for disclosure and has done so here. The legislature could also eliminate the disclosure requirement if it so desired.
[4] Although chapter 75-354, section 4(5), Laws of Florida, expressly refers to only section 286.011, Florida Statutes, the language of section 4(5) referring to "records, books, documents and papers" implies compliance by the Authority with the requirements of chapter 119. Also the Authority, by its definition, falls within section 119.011(2), Florida Statutes. See footnote 1.
[5] As the policy behind chapter 119 and the policy behind section 286.011 are similar, we believe that they should be read in pari materia. In so reading these provisions, we find that the violation necessary for an award of attorney's fees under section 286.011(4) is an unreasonable violation just as the refusal to permit inspection necessary for an award of attorney's fees under section 119.12(1) is an unreasonable refusal.